J-S12001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD EARL FRANTZ | : | |
| | : | |
| Appellant | : | No. 703 MDA 2018 |

Appeal from the PCRA Order March 27, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002297-2015

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                        **FILED JULY 17, 2019**

Chad Earl Frantz appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We vacate the order and remand with instructions.

The record reveals the following pertinent history.  Appellant was accused of sexually abusing his stepdaughter.  A jury convicted Appellant of rape and related crimes, and he was sentenced to thirty and one-half to sixty-one years of imprisonment.  On direct appeal, this Court reversed one of Appellant's convictions, but otherwise affirmed the judgment of sentence. ***Commonwealth v. Frantz***, 169 A.3d 1206 (Pa.Super. 2017) (reversing a conviction for which a concurrent sentence had been imposed, affirming the rest, and concluding that resentencing was unnecessary).

Appellant filed a timely *pro se* PCRA petition in August 2017.  Therein, Appellant raised allegations of ineffective assistance of trial and direct appeal

counsel, as well as a discovery violation by the prosecution. Appellant also expounded upon each claim by attaching documents in a corresponding appendix. For example, Appellant's second claim was that trial counsel was ineffective in not using police reports to impeach the Commonwealth's witnesses. PCRA Petition, 8/23/17, at 6. In support, Appellant attached (1) a portion of the trial transcript reflecting the victim's testimony that a particular incident of abuse that occurred in a camper kept on the family's property concluded when her uncle knocked on the side of the camper and spoke to Appellant while the victim pretended that she was cleaning; and (2) a report denoting that the victim's uncle, Michael Swetland, informed Detective Eric Zimmerman that he did not remember ever seeing Appellant and the victim alone in the camper. *Id*. at Appendix B.

By order of September 6, 2017, the PCRA court appointed Christopher P. Lyden, Esquire, to represent Appellant. Attorney Lyden promptly filed a motion to withdraw and no-merit letter that utterly failed to comply with the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In his letter, Attorney Lyden, whose appointment was for the purpose of assisting Appellant in properly pleading his claims, repeatedly opined that the claims in the *pro se* petition lacked merit because they "lack[ed] specificity" where the "PCRA requires the petition to plead and prove the case." **Turner**/**Finley** Letter, 10/30/17, at unnumbered 2. Attorney Lyden further demonstrated an

apparent failure to read the petition in its entirety, misstating the claims that Appellant pled and ignoring the elucidations of those claims contained in the appendices.

For example, Attorney Lyden indicated that Appellant's second claim was that trial counsel should have pursued a diminished capacity defense. *Id*. However, as we discussed above, Appellant's second issue involved failure to use the uncle's police statement to impeach the victim. Appellant made no claim related to diminished capacity in his petition.[1] Attorney Lyden's letter represented that Appellant's sixth issue was previously litigated since "[t]he Superior Court concluded that the evidence was sufficient to sustain charges a part of the verdict [*sic*]." *Id*. The claim actually raised in the petition is that trial counsel was ineffective in not seeking dismissal of the charges based upon the "delay of arrest of two years" after a 2009 investigation. PCRA Petition, 8/23/17, at 9.

Notwithstanding the substantial defects in Attorney Lyden's *Turner*/*Finley* letter, the PCRA court granted counsel's motion to withdraw and issued notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907 Notice, 2/20/18, at unnumbered 1. The PCRA court

_____

[1] The page of the PCRA petition stating Appellant's second claim does contain the words "diminished capacity." However, it is clear that the phrase arises only in connection with his citation to *Commonwealth v. Legg*, 711 A.2d 430, 432 (Pa. 1998), a case cited by Appellant to support the grant of PCRA relief based upon counsel's failure to investigate, which was the first claim Appellant stated in his petition.

expressly found that counsel complied with the dictates of **Turner** and **Finley**, and represented that Attorney Lyden "informed [Appellant] in the No-Merit Letter that [Appellant] may proceed on his own or request new counsel and may appeal [the PCRA c]ourt's decision to the Superior Court." **Id**. at unnumbered 3. However, the apparently complete two-and-one-half-page version of Attorney Lyden's letter in the certified record contains no such statements.[2] **See Turner**/**Finley** Letter, 10/30/17, at unnumbered 1-3.

The PCRA court further indicated that it had conducted an independent review of the entire record. Yet the PCRA court offered the same demonstrably incorrect reasons that Attorney Lyden posited for concluding that the petition lacked merit. **Id**. at unnumbered 1, 3-5. The PCRA court, like Attorney Lyden, spotted a phantom diminished capacity issue, cited a lack of specificity in pleading, and referenced previous litigation in connection with an issue that had not been litigated previously. **Id**. at unnumbered 4-5.

The docket indicates that the Rule 907 notice was served on the Commonwealth and Attorney Lyden, but does not denote service to newly-*pro-se* Appellant.[3] Appellant sought, but was denied, an extension of time to

_____

[2] It also includes no citations to the record or legal authority, other than a single reference to the three-prong test for establishing ineffective assistance of counsel.

[3] According to the docket, each and every one of the PCRA court's subsequent filings was served upon Attorney Lyden, but not served upon Appellant, up to and including the PCRA court's June 3, 2019 opinion filed pursuant to our

file his response to the Rule 907 notice. By order of March 28, 2018, the PCRA court noted that Appellant had filed a timely response to the Rule 907 notice, but nonetheless granted counsel leave to withdraw a second time, and dismissed Appellant's petition. The docket does not reflect service of that order upon Appellant. The docket also does not indicate the filing of a response to the Rule 907 notice, but does include an undated response to Attorney Lyden's **Turner**/**Finley** letter, entered on the docket on April 2, 2018. In that response, Appellant noted counsel's errors detailed above,[4] among others, and submitted further support for his claims. **See**, **e.g.**, Response to **Turner**/**Finley** Letter, 4/2/18, at unnumbered 22 (providing the first page of **Commonwealth v. Snyder**, 713 A.2d 596 (Pa. 1998) (addressing due process right to have charges dismissed where a defendant is prejudiced by improper pre-arrest delay)).

On April 10, 2018, the PCRA court filed an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to

_____

earlier memorandum based in part upon the court's failure to serve Appellant properly. These are detailed in our prior memorandum. **See Commonwealth v. Frantz**, 2019 WL 2233883 (Pa.Super. May 23, 2019) (unpublished memorandum at 2, 4).

[4] Regarding Attorney Lyden's discussion of Appellant's second claim, Appellant stated that "Counsel is wrong simply because [Appellant] never claimed diminished capacity in his petition." Response to **Turner**/**Finley** Letter, 4/2/18, at unnumbered 11. Appellant further attached the relevant portion of the petition to demonstrate that the claim in question involved impeachment of witnesses. **Id**. at unnumbered 10.

Pa.R.A.P. 1925(b). Before the statement was due, Appellant requested an extension of time in which to file it, but the PCRA court denied the request. Appellant filed a statement that was docketed on July 16, 2018. The PCRA court filed an opinion advocating that this appeal be dismissed because, by not filing a timely 1925(b) statement, Appellant failed to preserve any issues for appeal. PCRA Court Statement in Lieu of Memorandum Opinion, 8/6/18, at 3.

Sundry procedural missteps involving multiple appeals ensued.[5] Ultimately, because the PCRA court's 1925(b) order was deficient and not properly served, and because the PCRA court did not provide the requisite justification for its denial of Appellant's motion for an extension of time to file his statement,[6] we held that Rule 1925 waiver was inapplicable, and ordered the PCRA court to file an opinion addressing the eighteen issues Appellant raised in his July 16, 2018 statement. The PCRA court filed its opinion on June 3, 2019.

In his 1925(b) statement, Appellant asserted that the PCRA court erred in dismissing the claims that Attorney Lyden deemed unmeritorious, and

---

[5] These are detailed in our prior memorandum. **_See Commonwealth v. Frantz_**, 2019 WL 2233883 (Pa.Super. May 23, 2019) (unpublished memorandum at 2-3)

[6] **_See Commonwealth v. Hopfer_**, 965 A.2d 270, 275 (Pa.Super. 2009) ("[A] court may not deny an appellant's timely motion for enlargement of time to file a Rule 1925(b) statement without providing justification for its finding that good cause has not been shown.").

complained that PCRA counsel failed to address all of the petition's issues in his **Turner**/**Finley** letter. 1925(b) Statement 7/16/18, at 1, 6. We consider Appellant's claims mindful of our standard of review: "We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Johnson**, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted).

The PCRA court opined that no relief is due because the issues were not raised in Appellant's *pro se* petition, or were based upon what it assumed could have been part of trial counsel's reasonable strategy, or were not sufficiently explained, or were not supported by evidence.[7] PCRA Court Opinion, 6/3/19, at unnumbered 3-6.

Our detailing of the record above demonstrates that the PCRA court's rulings are not supported by the record and are not free of legal error. To the

---

[7] For example, the PCRA court states that Appellant's claim that the jury was tainted when the victim and her mother talked about the case in the presence of jurors during a lunch recess lacks merit because Appellant "has introduced no evidence, aside from his own motion to have a hearing on this alleged contact, to prove that the incident ever happened." PCRA Court Opinion, 6/3/19, at unnumbered 6. However, Appellant in his *pro se* petition identified two witnesses to testify in support of the claim. PCRA Petition, 8/23/17, at Appendix G. We fail to see what more proof Appellant would have been able to offer without the assistance of counsel and the opportunity to prove his claim at a hearing.

contrary, we are convinced that Appellant has been effectively deprived of his

right to the earnest review of his PCRA claims with the assistance of counsel.[8]

> Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled to at least one **meaningful** opportunity to have issues reviewed, at least in the context of an ineffectiveness claim. This Court has admonished, accordingly, that the point in time at which a trial court may determine that a PCRA petitioner's claims are frivolous or meritless is after the petitioner has been afforded a full and fair opportunity to present those claims. Our Supreme Court has recognized that such an opportunity is best assured where the petitioner is provided representation by competent counsel whose ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention.
>
> . . . .
>
> Moreover, this rule has not been limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.
>
> . . . .
>
> In addressing the petitioner's right to counsel under the precursor to the PCRA, we admonished that when appointed counsel fails to amend an inarticulately drafted *pro se* post conviction petition, or fails otherwise to participate meaningfully, this court will conclude that the proceedings were, for all practical purposes, uncounseled and in violation of the representation requirement. Both this Court and our Supreme Court have recognized that a post conviction petition is effectively uncounseled under a variety of

---

[8] We are convinced that Appellant's complaints about the deficiencies in Attorney Lyden's **Turner**/**Finley** review were sufficiently raised in the PCRA court and this Court to preserve the issue for our review, especially given that Attorney Lyden did not properly inform Appellant of his rights and obligations in the face of a petition to withdraw pursuant to **Turner** and **Finley**. **Cf. Commonwealth v. Pitts**, 981 A.2d 875, 880 (Pa. 2009) (holding this Court erred in reviewing the adequacy of counsel's **Turner**/**Finley** letter when neither party raised the issue).

circumstances whenever omissions of record demonstrate that counsel's inaction deprived the petitioner the opportunity of legally trained counsel to advance his position in acceptable legal terms.

***Commonwealth v. Karanicolas***, 836 A.2d 940, 945-46 (Pa.Super. 2003)

(cleaned up) (emphasis in original).

Accordingly, as this Court recently ordered in ***Commonwealth v. Kelsey***, 206 A.3d 1135 (Pa.Super. 2019),

[b]ecause Appellant did not waive his right to representation by counsel and PCRA counsel neither represented Appellant on the merits of the PCRA petition nor filed a sufficient no-merit letter that addressed all of Appellant's claims, the PCRA court's dismissal of Appellant's PCRA petition must be vacated and remand to the PCRA court for appointment of new PCRA counsel is required. On remand, Appellant's new counsel shall be permitted to file an amended PCRA petition or, if counsel concludes in the exercise of his or her professional judgment that the issues raised in the PCRA proceeding are without merit, counsel may file an adequate no-merit letter that addresses all of the issues raised in Appellant's PCRA petition and move to withdraw.

***Id***. at 1140 (citations omitted). We so order here.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/17/2019

- 9 -