J-S34040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER LECLAIR | : | |
| | : | |
| Appellant | : | No. 137 WDA 2022 |

Appeal from the PCRA Order Entered December 10, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002693-2017

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: OCTOBER 18, 2022**

Christopher LeClair (LeClair) appeals from the December 10, 2021 order of the Court of Common Pleas of Erie County (PCRA court) dismissing his timely first petition filed pursuant to the Post-Conviction Relief Act (PCRA).[1] We reverse the order and remand for further proceedings.

Briefly, LeClair was convicted of murder and related offenses[2] after he took his wife out on his boat, shot her in the head and disposed of her body

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq*.

[2] LeClair was convicted of first-degree murder, abuse of a corpse, tampering with evidence, possessing an instrument of crime, carrying a firearm without a license and false reports to law enforcement authorities. 18 Pa.C.S. §§ 2501(a), 5510, 4910(1), 907(a), 6106(a)(1) & 4906(b)(1).

in Lake Erie. ***See Commonwealth v. LeClair***, 236 A.3d 71, 74, 76-77 (Pa. Super. 2020), *allocator denied*, 244 A.3d 1222 (Pa. 2021) (table). The next day, he falsely reported to the United States Coast Guard that she had fallen overboard, triggering an unsuccessful rescue effort. Her body was found approximately 25 days later by civilians off the coast of New York. At trial, LeClair contended that his wife had shot herself in the head and that he disposed of her body in a panic. This Court affirmed his convictions but vacated the restitution portion of the judgment of sentence and remanded for resentencing. ***Id.*** at 86.

LeClair proceeded to resentencing on the restitution portion of his sentence on April 15, 2021. He timely filed the instant petition the following month raising claims of ineffective assistance of counsel. He challenged trial counsel's litigation of a pre-trial motion to dismiss on jurisdictional grounds and his cross-examination of several of the Commonwealth's witnesses at trial. He contended that counsel failed to question these witnesses regarding any bias they may have against him and set forth facts in support of their alleged motivations to fabricate their testimony. He identified five witnesses that he believed counsel should have called in his defense, arguing that they had information regarding his wife's health conditions and mental state that would have been probative of his claim that she committed suicide. Finally, he contended that trial counsel should have presented character witnesses and introduced evidence of his attempts to locate his wife's body.

The PCRA court appointed counsel who ultimately submitted a *Turner*/*Finley* no-merit letter[3] (No-Merit Letter) and a petition to withdraw as counsel. In the petition to withdraw, she requested an extension of time for LeClair to file an amended or supplemental petition. She averred that she had reviewed the court docket and file, the *pro se* petition, correspondence from LeClair and the transcripts. The No-Merit Letter set forth the procedural history of the case and concluded that the petition was timely filed.

In addressing the merits of the claims, counsel opined "in reviewing the narrative portion of the pleading, the general theme of Petitioner's claim goes to the weight, sufficiency and veracity of the testimony as presented by the Commonwealth's witnesses," which she concluded were "without merit and also not appropriate for consideration in a PCRA petition." No-Merit Letter, 6/30/2021, at 2 (unpaginated). She then acknowledged that LeClair raised 13 "[g]eneral [i]ssues" before summarily stating "[t]he undersigned finds those 'General Issues' raised by the Petitioner to be without merit and not appropriate for consideration in a PCRA petition." *Id.* at 3. Regarding the claim that trial counsel was ineffective for failing to call certain enumerated witnesses, counsel dismissed these claims by citing generally to the Rules of Professional Conduct and opining that trial counsel is entitled to exercise

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

discretion in setting trial strategy. ***Id.*** She then concluded that the petition lacked merit and that she had not uncovered any additional issues of arguable merit in her review.

The next day, the PCRA court granted counsel's petition to withdraw and granted LeClair an additional 30 days to amend or supplement the petition *pro se* or with retained counsel. LeClair filed a new petition that was substantially identical to his initial petition but included a request for new counsel, arguing that prior PCRA counsel had not competently investigated his claims.[4]

The PCRA court issued a notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. LeClair sent letters to the PCRA court requesting new counsel to aid in filing objections to the notice and the PCRA court re-appointed prior PCRA counsel in response. Counsel did not file objections and the PCRA court dismissed the petition. Following reinstatement of his appellate rights, LeClair timely appealed. The PCRA court appointed new counsel who filed a concise statement of matters complained of on appeal pursuant to Pa. R.A.P. 1925(b) arguing that initial PCRA counsel was ineffective.[5]

---

[4] LeClair additionally sent letters to the Clerk of Courts, PCRA court and prior PCRA counsel throughout the PCRA proceedings seeking advice on how to proceed or appointment of new counsel.

[5] Pursuant to ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021), a PCRA petitioner may raise ineffectiveness of PCRA counsel "at the first opportunity to do so, even when on appeal."

LeClair now raises two issues on appeal which are substantially related: whether prior PCRA counsel was ineffective because the No-Merit Letter did not conform to the requirements of **Turner**/**Finley** and whether the PCRA court erred by accepting the letter and dismissing the petition.[6]  We agree that the No-Merit Letter was deficient.

It is well-established that a petitioner has a rule-based right to counsel in litigating a first PCRA petition which must be honored even when the claims appear on their face to lack merit.  Pa.R.Crim.P. 904(C); **Commonwealth v. Cherry**, 155 A.3d 1080, 1082 (Pa. Super. 2017).  Appointed counsel has a duty to either amend the *pro se* petition and litigate the claims on the merits or seek to withdraw by complying with the mandates of **Turner**/**Finley**.  **Id.** at 1083.  "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled."  **Id.**

We have previously set forth counsel's obligations in filing a no-merit letter under **Turner**/**Finley**:

> The no-merit letter must set forth:  1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless.  Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an

---

[6] "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error."  **Commonwealth v. Weimer**, 167 A.3d 78, 81 (Pa. Super. 2017).

> amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.

***Commonwealth v. Kelsey***, 206 A.3d 1135, 1139 (Pa. Super. 2019) (citations omitted). Additionally, we held that the PCRA court's independent review of the petitioner's claims cannot remedy the deprivation of the right to counsel that flows from an inadequate no-merit letter. ***Id.*** at 1140.

Here, the No-Merit Letter stated that LeClair had raised numerous "General Issues" and, without describing those issues, summarily concluded that they lacked merit and were not cognizable under the PCRA. No-Merit Letter, 6/30/2021, at 3 (unpaginated). This alone renders the No-Merit Letter inadequate, as counsel was required to analyze each issue raised in the *pro se* petition. ***Kelsey***, ***supra***, at 1139. Counsel apparently believed the petition advanced challenges to the weight and sufficiency of the evidence and did not acknowledge that the claims were, in fact, based on ineffective assistance of trial counsel. She did not cite to the record or any law in her brief analysis of the merits of LeClair's claims and did not set forth the standard for establishing ineffective assistance of counsel. Finally, in concluding that trial counsel was not ineffective for failing to present several witnesses, she attributed the decision to trial counsel's professional discretion but does not state that she ever spoke to trial counsel to ascertain whether he knew of the witnesses or had a reasonable basis for this strategy. Based on these defects, prior PCRA counsel's No-Merit Letter falls short of the mandates of ***Turner***/***Finley***.

The PCRA court thoroughly addressed the merits of the claims LeClair raised in his *pro se* petition in its notice of intent to dismiss and later opinion pursuant to Pa. R.A.P. 1925(a). However, a PCRA court's independent review of the record is no substitute for the right to counsel in litigating a first PCRA petition. **Kelsey**, **supra**. A PCRA court cannot act as counsel to a petitioner, and competent counsel advancing the petitioner's interests may reframe or identify new issues that were not articulated in legally adequate terms by a *pro se* litigant.

Accordingly, we conclude that LeClair was deprived of his right to counsel in litigating his first PCRA petition and vacate the order dismissing the petition. We remand for current PCRA counsel to either file an amended petition or an adequate no-merit letter.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2022

- 7 -