J-S10006-19

2019 PA Super 86

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH KELSEY | : | |
| | : | |
| Appellant | : | No. 3619 EDA 2017 |

Appeal from the PCRA Order October 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004554-2010

BEFORE: GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

OPINION BY COLINS, J.: **FILED MARCH 22, 2019**

Appellant, Joseph Kelsey, appeals, *pro se*, from the order of the Court of Common Pleas of Philadelphia County that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing. For the reasons set forth below, we vacate the PCRA court's order and remand this case for appointment of new PCRA counsel.

This matter arises out of a robbery and fatal shooting in a dispute over a marijuana sale. On February 25, 2014, a jury convicted Appellant of second-degree murder, robbery, criminal conspiracy, carrying a firearm without a license, carrying a firearm in public in Philadelphia, possession of an instrument of crime, and intimidation of a witness.[2] The trial court sentenced Appellant to life imprisonment without parole for the second-degree murder

_____

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 2502(b), 3701(a)(1)(i), 903 (3701(a)(1)(i) related), 6106(a)(1), 6108, 907(a), and 4952(a)(1), respectively.

_____

* Retired Senior Judge assigned to the Superior Court.

conviction and a consecutive sentence of five to ten years' imprisonment for the witness intimidation conviction. The trial court also imposed concurrent sentences of five to ten years' imprisonment for both the robbery and conspiracy convictions, a concurrent sentence of two and one-half to five years imprisonment for carrying a firearm without a license, and no further penalty for the carrying a firearm in public and possession of an instrument of crime convictions.

Appellant's trial counsel filed a direct appeal challenging the sufficiency of the evidence and challenging the robbery sentence as barred by merger. On June 23, 2015, this Court affirmed the judgment of sentence with respect to all of the convictions other than robbery and vacated the concurrent robbery sentence, without remand to the trial court, on the ground that the robbery conviction merged for sentencing purposes with the second-degree murder conviction. *Commonwealth v. Kelsey*, 122 A.3d 1141 (Pa. Super. 2015) (unpublished memorandum). Trial counsel filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on February 1, 2016. *Commonwealth v. Kelsey*, 131 A.3d 490 (Pa. 2016).

On February 8, 2017, Appellant filed a timely *pro se* PCRA petition. In this prolix petition, Appellant listed over 20 issues, including claims that the Commonwealth failed to comply with Pa.R.Crim.P. 600, that three Commonwealth witnesses gave false testimony, that the Commonwealth withheld exculpatory evidence, that the charging documents and arrest warrant were defective, and that trial counsel was ineffective. PCRA Petition

at 2, 4, 7-8. Appellant's claims of ineffectiveness of trial counsel included claims that trial counsel failed to assert the above arguments, that trial counsel misrepresented to Appellant's family that Appellant was going to plead guilty, that trial counsel failed to inform Appellant of a plea offer, that trial counsel failed to inform Appellant of his right to testify, that trial counsel failed to interview witnesses and retain experts, that trial counsel failed to file a motion to suppress, that trial counsel failed to obtain the results of Commonwealth tests on evidence, that trial counsel failed to investigate Appellant's mental health status and the mental health status of witnesses, and that trial counsel failed to request jury instructions on defenses to accomplice liability and conspiracy and on the lesser included offenses of voluntary manslaughter and involuntary manslaughter. *Id*.

In March 2017, the PCRA court appointed counsel to represent Appellant with respect to his PCRA petition. On August 18, 2017, PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner,*** 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In his no-merit letter, PCRA counsel correctly stated that the PCRA petition was timely filed, briefly discussed Appellant's Rule 600 claim, the claims that two Commonwealth witnesses committed perjury, the claim that trial counsel misrepresented to Appellant's family that Appellant was going to plead guilty, and the claims concerning the charging documents and Appellant's arrest, and stated his conclusions that those issues were meritless. ***Turner***/***Finley*** Letter at 4-6. PCRA counsel also

discussed in his no-merit letter the legal standard applicable to claims of ineffective assistance of counsel, stated a single sentence conclusion that Appellant's "rights were vigilantly protected" by trial counsel, and represented that he found no issues of merit in his independent review of the record. *Id.* at 2-3, 6-7.

On September 12, 2017, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing. Appellant filed a timely response to the Rule 907 notice in which he specifically asserted that PCRA counsel's no-merit letter failed to address all of the issues in his PCRA petition, asserted that PCRA counsel was ineffective, and sought to amend the PCRA petition. Response to Rule 907 Notice at 1-2, 10-11, 14-16, 26. On October 13, 2017, the PCRA court dismissed Appellant's PCRA petition as lacking merit.[3]

Appellant timely filed this *pro se* appeal from the dismissal of his PCRA petition. In his Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant, in addition to raising issues concerning the merits of his PCRA petition, reiterated his claim that he had been denied effective assistance of counsel on the PCRA petition and that PCRA counsel did not conduct a sufficient review and investigation of the record and the claims that Appellant sought to raise. Rule 1925(b) Statement at 4. In its opinion, the

---

[3] Although only an order dismissing the PCRA petition is in the record, the docket entries state that the PCRA court on the same date granted PCRA counsel leave to withdraw.

PCRA court made its own analysis of claims raised in the PCRA petition, including claims not addressed by PCRA counsel, but did not address the issues of the sufficiency of PCRA counsel's no-merit letter and his representation of Appellant.

In his brief before this Court, Appellant raises 16 issues with respect to merits of his PCRA petition and also raises the following issue with respect to PCRA counsel:

> Was the Appellant prejudiced and/or deprived fundamental and substantive right(s) to the assistance of counsel on his first PCRA, a fair opportunity to have issues addressed in accordance with the Post Conviction Relief Act when appointed PCRA counsel … filed a no-merit letter that did not meet the requirements in filing such letter, and the PCRA court subsequently dismissed said Petition without a hearing?

Appellant's Br. at 7, 55-59. The Commonwealth does not concede that any of the challenges to Appellant's convictions in the PCRA petition are meritorious, but contends that PCRA counsel's no-merit letter was inadequate and that the PCRA court's order must therefore be vacated and this matter remanded for appointment of new PCRA counsel. We agree.[4]

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014); ***Commonwealth v. Cherry***, 155 A.3d 1080, 1082 (Pa. Super. 2017).

---

[4] Because we conclude that PCRA court's order must be vacated on this ground, we do not address any of the other issues raised by Appellant in this appeal.

The PCRA petition here is a first PCRA petition. A convicted defendant has a right under the Rules of Criminal Procedure to the assistance of counsel on a first PCRA petition. Pa.R.Crim.P. 904(C); *Cherry*, 155 A.3d at 1082; *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." *Cherry*, 155 A.3d at 1082 (quoting *Commonwealth v. Powell*, 787 A.2d 1017 (Pa. Super. 2001)).

If PCRA counsel seeks to withdraw on the ground that the issues raised by the PCRA petitioner are without merit, he must satisfy the following requirements: he must file a sufficient no-merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA petitioner of his right to proceed *pro se* or with a privately retained attorney. *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016); *Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012). The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009); *Turner,* 544 A.2d at 928-29; *Rykard*, 55 A.3d at 1184; *Commonwealth v. Glover*, 738 A.2d 460, 464 (Pa. Super. 1999). Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first

PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition. ***Commonwealth v. Karanicolas***, 836 A.2d 940, 945-47 (Pa. Super. 2003); ***Glover***, 738 A.2d at 464-65; ***Commonwealth v. Mosteller***, 633 A.2d 615, 617-18 (Pa. Super. 1993).

Here, it is clear that PCRA counsel's no-merit letter was seriously deficient. PCRA counsel's no-merit letter discussed only a subset of the issues that Appellant stated in his PCRA petition. Notably, PCRA counsel's no-merit letter neither listed nor discussed most of Appellant's claims that trial counsel was inadequate, including claims that trial counsel failed: to inform Appellant of a plea offer; to inform Appellant of his right to testify; to interview witnesses and retain experts; to file a motion to suppress; to obtain the results of Commonwealth tests on evidence; to investigate Appellant's mental health status and the mental health status of witnesses; and to request certain jury instructions.[5] While the inadequacy of PCRA counsel's no-merit letter is waived if not raised before the PCRA court and this Court, ***Pitts***, 981 A.2d at 879-80 & nn.3 & 4, Appellant has fully raised and preserved this issue at all

---

[5] Indeed, PCRA counsel's no-merit letter not only does not discuss most of Appellant's ineffective assistance of counsel claims, it also misidentifies Appellant's trial counsel as another attorney who did not represent Appellant. ***Turner***/***Finley*** Letter at 1, 6.

- 7 -

stages of this proceeding and has specifically asserted and briefed this issue in this appeal.

We recognize that the PCRA court conducted an independent review of the claims that it believed were asserted in the PCRA petition and that its review went beyond PCRA counsel's inadequate no-merit letter. The error here, however, is the denial of the assistance of counsel, not the sufficiency of the PCRA court's opinion or whether Appellant's claims in his PCRA petition are meritorious. Even where a *pro se* first PCRA petition appears on its face to be meritless, the defendant is entitled to representation by counsel before that determination is made. *Commonwealth v. Ramos*, 14 A.3d 894, 895-96 (Pa. Super. 2011); *Commonwealth v. Stout*, 978 A.2d 984, 988 (Pa. Super. 2009).

Because Appellant did not waive his right to representation by counsel and PCRA counsel neither represented Appellant on the merits of the PCRA petition nor filed a sufficient no-merit letter that addressed all of Appellant's claims, the PCRA court's dismissal of Appellant's PCRA petition must be vacated and remand to the PCRA court for appointment of new PCRA counsel is required. *Cherry*, 155 A.3d at 1083; *Glover*, 738 A.2d at 465; *Mosteller*, 633 A.2d at 617-18. On remand, Appellant's new counsel shall be permitted to file an amended PCRA petition or, if counsel concludes in the exercise of his or her professional judgment that the issues raised in the PCRA proceeding are without merit, counsel may file an adequate no-merit letter that addresses

all of the issues raised in Appellant's PCRA petition and move to withdraw. **Cherry**, 155 A.3d at 1083; **Glover**, 738 A.2d at 465.

Order vacated. Case remanded with instructions to appoint new PCRA counsel. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/19