J-S40005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL N. CABRERA | : | |
| | : | |
| Appellant | : | No. 2397 EDA 2019 |

Appeal from the PCRA Order Entered March 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009793-2013

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY SHOGAN, J.:              **FILED:  MAY 14, 2021**

Appellant, Samuel N. Cabrera, appeals *pro se* from the March 4, 2019 order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After review, we vacate the March 8, 2021 order permitting counsel to withdraw and remand for the appointment of new counsel.

We previously set forth the facts and procedural history of this case, and do not repeat it here.  **See Commonwealth v. Cabrera**, 242 A.3d 450, 2397 EDA 2019 (Pa. Super. filed November 25, 2020) (non-precedential

_____

[*] Retired Senior Judge assigned to the Superior Court.

memorandum). We determined therein that Appellant's appeal was timely, but we remanded with specific instructions to the PCRA court.[1]

At a March 1, 2019 PCRA hearing, the PCRA court stated that it received a **Turner/Finley**[2] letter and sent Appellant notice of its intent to dismiss his PCRA petition pursuant to Pa.R.Crim.P. 907. N.T., 3/1/19, at 3. Appellant's counsel then stated on the record that he would notify Appellant and file a motion to withdraw.[3] **Id.** However, the certified record did not contain a **Turner/Finley** letter, a motion to withdraw, or an order granting counsel's motion to withdraw.

Accordingly, we directed the PCRA court to ascertain the status of PCRA counsel and file its findings with this Court. We instructed, in pertinent part: "If the PCRA court permitted counsel to withdraw, the record shall document

---

[1] This matter was reassigned to the Honorable Scott DiClaudio because the original PCRA court jurist no longer is sitting on the bench.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the requirements for counsel to withdraw from representation on collateral review).

[3] We observe that in counsel's purported **Turner**/**Finley** letter, he stated that he telephoned Appellant and told him that he had a right to continue *pro se* or by private counsel if the "Court" granted withdrawal. In addition to the fact that a description of a telephone call to Appellant does not meet the mandate of **Turner** and **Finley**, counsel's statement is open to an interpretation that Appellant cannot proceed until this Court rules on the withdrawal request. **See Commonwealth v. Muzzy**, 141 A.3d 509, 512 (Pa. Super. 2016) (clarifying that counsel's letter to the client shall inform him that upon counsel's filing of petition to withdraw, he has the immediate right to proceed *pro se* or through privately retained counsel).

counsel's petition to withdraw, letter to Appellant, and order granting counsel's motion to withdraw, and then we shall proceed to address Appellant's issues on appeal." **Cabrera**, 2397 EDA 2019 (non-precedential memorandum at *3).

Upon remand, by order dated March 8, 2021, the PCRA court permitted counsel to withdraw. However, the supplemental record certified to this Court following remand does not indicate counsel's compliance with the protocols of **Turner** and **Finley**. Additionally, the supplemental record still does not include the required petition to withdraw as counsel and a copy of counsel's letter to Appellant. Upon our direction, our Prothonotary contacted PCRA counsel, who indicated there was no letter to Appellant and no petition to withdraw.

As we have previously stated, "The error here . . . is the denial of the assistance of counsel, not the sufficiency of . . . whether Appellant's claims in his PCRA petition are meritorious." **Commonwealth v. Kelsey**, 206 A.3d 1135, 1140 (Pa. Super. 2019). We have taken the time once already to permit supplementation of the record in accordance with the requirements of **Turner** and **Finley**. We will not continue to do so when it is clear that counsel has not, and will not comply.

Because Appellant did not waive his right to representation by counsel, and PCRA counsel has not complied with the minimum requirements of **Turner** and **Finley**, the PCRA court's dismissal of Appellant's PCRA petition must be

vacated, and remand to the PCRA court for appointment of new PCRA counsel is required. *See Commonwealth v. Cherry*, 155 A.3d 1080, 1083 (Pa. Super. 2017) ("When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit **by complying with the mandates of *Turner/Finley*.**") (emphasis added) (footnote omitted).

On remand, following the PCRA court's appointment of new counsel, Appellant's new counsel shall be permitted to file an amended PCRA petition, or if counsel concludes in the exercise of his professional judgment that the issues raised in the PCRA petition are without merit, counsel may file an adequate no-merit letter that addresses all of the issues raised in Appellant's PCRA petition and must comply with the procedural requirements of *Turner* and *Finley* to withdraw. *Kelsey*, 206 A.3d at 1140; *Cherry*, 155 A.3d at 1083.

Order of March 8, 2021 vacated. Case remanded with instructions to appoint new PCRA counsel. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/14/21