J-S05036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANNON BESS | : | |
| | : | |
| Appellant | : | No. 1611 EDA 2020 |

Appeal from the PCRA Order Entered July 13, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0206641-2006

BEFORE: BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:       **FILED: JUNE 7, 2021**

Shannon Bess appeals from the order that dismissed his second Post Conviction Relief Act ("PCRA") petition for untimeliness. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2006, Bess was convicted of third-degree murder, violations of the Uniform Firearms Act, and possessing instruments of crime.[1] The court sentenced Bess to 22½ to 45 years' incarceration. We affirmed the judgment of sentence,[2] and the Pennsylvania Supreme Court denied Bess's petition for allowance of appeal on September 6, 2012.

---

[1] ***See*** 18 Pa.C.S.A. §§ 2502(c), 6106, 6108, and 907, respectively.

[2] ***See Commonwealth v. Bess***, 50 A.3d 244 (Pa.Super. 2012) (Table), *appeal denied*, 53 A.3d 49 (Pa. 2012).

Bess filed a timely first PCRA petition, *pro se*, in 2013. The PCRA court appointed counsel, who filed a no-merit letter[3] and motion to withdraw. After sending Bess Rule 907 notice of its intention to dismiss his petition without a hearing, the court permitted counsel to withdraw and dismissed Bess's petition. **See** Pa.R.Crim.P. 907. Bess appealed *pro se*, claiming ineffective assistance of both his trial and PCRA counsel.

We affirmed the PCRA court's denial of relief, rejecting his claims that trial and PCRA counsel were ineffective. **See Commonwealth v. Bess**, No. 2197 EDA 2014, 2015 WL 7188368, unpublished memorandum at *1 (Pa.Super. 2015), *appeal denied*, 122 A.3d 455 (Pa.). The Supreme Court denied Bess's petition for allowance of appeal in 2015.

Bess filed the instant, *pro se* PCRA petition on January 27, 2020. He again claimed his trial counsel and PCRA counsel had provided him with ineffective assistance. The PCRA court found his petition to be untimely and issued Rule 907 notice of its intention to dismiss the petition. Bess responded, asserting for the first time that **Commonwealth v. Kelsey**, 206 A.3d 1135 (Pa.Super. 2019), rendered his petition timely. According to Bess, this Court in **Kelsey** held that PCRA counsel is ineffective if counsel's no-merit letter does not address each of the issues the petitioner has raised. Bess argued that new case law is a "valid exception" to the PCRA's one-year deadline, and **Kelsey** fit the bill. The PCRA court thereafter denied the petition.

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

In its Pa.R.A.P. 1925(a) opinion, the PCRA court explained that Bess had not filed his petition within one year of the finality of his judgment of sentence and had not pleaded any of the exceptions to the one-year deadline in his petition, as required. *See* PCRA Ct. Op., 9/2/20, at 5. The court acknowledged that Bess had raised *Kelsey* in his response to the Rule 907 notice but explained that court decisions, such as *Kelsey*, do not satisfy the newly discovered facts exception. *Id.* at 5-6.

Bess appealed and raises the following issues:

A. Whether [Bess] properly invoked a timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(ii)?

B. Whether [Bess]'s first PCRA counsel rendered ineffective assistance for filing a deficient "no-merit" letter for its failure to address all of [the] issue[s] raised in the PCRA petition?

Bess's Br. at 3 (unnecessary capitalization omitted).

We review the denial of PCRA relief to determine "whether the PCRA court's order is supported by the record and free of legal error." *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa.Super. 2020) (quoting *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa.Super. 2018)). "The question of whether a petition is timely raises a question of law," and to that end, "our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018).

Bess argues counsel on his first PCRA petition provided ineffective assistance because counsel's no-merit letter did not address each of the claims of trial counsel ineffectiveness that Bess had raised in his first PCRA

petition. Bess asserts his instant petition is timely because he filed it within one year of the **Kelsey** decision.

The timeliness of a PCRA petition is a jurisdictional prerequisite to review. **Anderson**, 234 A.3d at 737. A petition must be filed within one year of the date the petitioner's judgment of sentence became final, unless the petitioner pleads and proves one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1) applies. **Id.**

Here, as the PCRA court found, Bess did not file his petition within one year of the date his judgment of sentence became final,[4] and did not plead any of the exceptions to the time-bar in his petition. Even if Bess had pleaded in his PCRA petition his claim that **Kelsey** rendered his petition timely –he improperly first raised it in his response to the court's Rule 907 notice – that claim is meritless. As the PCRA court explained, **Kelsey** does not meet the "newly discovered facts" exception because judicial decisions do not qualify as newly discovered facts for purposes of the PCRA's timeliness exceptions. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii); **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011).

---

[4] **See** 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Bess's judgment of sentence became final in December 2012, after the 90-day period in which he could have sought review in the United States Supreme Court expired.

While a new judicial decision may render a petition timely under the new constitutional rights exception, that exception has no application here. It only applies where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). **Kelsey** did not announce a new constitutional right, much less a retroactive one recognized by either the Pennsylvania Supreme Court or United States Supreme Court. **See Kelsey**, 206 A.3d at 1139-40. It therefore has no effect on the timeliness of Bess's petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/21