J-S41028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN ANTHONY BROWN | : | |
| | : | |
| Appellant | : | No. 563 MDA 2022 |

Appeal from the PCRA Order Entered March 7, 2022
In the Court of Common Pleas of Cumberland County
Criminal Division at CP-21-CR-0001430-2017

BEFORE: LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED: DECEMBER 19, 2022**

Shawn Anthony Brown (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we vacate and remand to the PCRA court.

The PCRA court summarized the underlying facts as follows:

On September 9, 2014, Appellant was formally charged with, *inter alia*, the crimes of Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child, and Sexual Abuse of a Child.  A warrant for Appellant's arrest was issued on that same date, and ultimately Appellant was arrested on April 20, 2017.  Following several pretrial conferences and other procedural matters, on September 7, 2018, Appellant entered a plea of nolo contendere to nineteen counts of Sexual Abuse of Children, in full satisfaction of all outstanding charges.  Importantly, it was noted at the time of the plea that any sentence imposed on Appellant would be consecutive to any other sentence he was then serving.  Specifically, at that time Appellant was serving a sentence of

_____

[*] Former Justice specially assigned to the Superior Court.

federal incarceration, which he remains serving at the time of this opinion. On December 18, 2018, Appellant was sentenced by this court to an aggregate term of incarceration of sixty (60) months to one hundred and twenty (120) months of incarceration, consecutive to any other sentence he was then serving. [Appellant filed a post-sentence motion. O]n January 15, 2019, Appellant's sentence was amended, solely for the purpose of prohibiting him from having contact with any person under the age of 18, except for allowing him to have contact with his children if they initiated contact with him.

PCRA Court Opinion, 6/13/22, at 2.

Appellant did not file a direct appeal. On August 25, 2020, Appellant filed a *pro se* motion in which he requested discovery "to assist in the furtherance of his appeal." Motion to Request Discovery, 8/25/20, at 2. The Commonwealth filed a response opposing the motion because Appellant's "deadline to file an appeal would have been February 14, 2019," and Appellant's "PCRA filing deadline was February 14, 2020." Commonwealth Response to Motion to Request Discovery, 9/15/20, at 2. **See also** Pa.R.A.P. 903(a) ("notice of appeal must be filed within 30 days of the entry of the order being appealed."); 42 Pa.C.S.A. § 9545(b)(1) (PCRA petition shall be filed within one year of the date the judgment becomes final). The trial court denied Appellant's motion on September 16, 2020. He did not appeal.

On December 17, 2021, Appellant filed a *pro se* "Motion for Jail Time Credit." On January 3, 2022, the PCRA court stated that it was "treating [the motion] as a request for relief under the Post-Conviction Relief Act," and issued notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. The PCRA court denied relief in its order issued March 7, 2022. Appellant filed

a *pro se* notice of appeal. On April 28, 2022, Appellant filed an application for counsel in Superior Court. On May 2, 2022, we remanded for the PCRA court to determine Appellant's eligibility for counsel. Order, 5/2/22. The PCRA court subsequently appointed William G. Braught, Esquire to represent Appellant on appeal.

Appellant raises two issues for review:

1. Whether the PCRA Court erred in denying [Appellant's] request for the appointment of counsel for his *pro se* motion for Jail Time Credit which the trial court interpreted as a request for relief under the Post-Conviction Relief Act?

2. Whether Appellant's Notice of Appeal was timely?

Appellant's Brief at 4. We first address the timeliness of Appellant's appeal.

**Timeliness of Appeal**

On May 26, 2022, this Court issued a rule to show cause upon Appellant asking that he address the timeliness of his notice of appeal which he *pro se* filed April 12, 2022, from the March 7, 2022, order. Attorney Braught filed a response on Appellant's behalf, explaining, *inter alia*, that Appellant timely filed his *pro se* notice of appeal on March 18, 2022, but it was "ultimately rejected by the Cumberland County Clerk of Courts due to it not being signed by Appellant." Response, 6/6/22, at 2. Attorney Braught cited Pa.R.Crim.P. 576(A)(3), which requires clerks of courts to "accept all written … documents presented for filing," and the comment to Rule 576, which states: "When a … document … is presented for filing pursuant to paragraph (A)(1), the clerk of

courts must accept it for filing even if the … document … does not comply with a rule or statute or "appears to be untimely filed." *Id.*

In the alternative, Attorney Braught argued that even if the appeal was invalid for lack of a signature, Appellant filed a properly signed *pro se* notice of appeal in this Court "no later than April 4, 2022," within the 30-day appeal period. *Id.* at 3. Noting that Appellant mailed the notice of appeal from federal prison in Florida, and the notice of appeal bears a time-stamp of April 4, 2022, Counsel asserted that Appellant placed the notice in the mail before the expiration of the appeal period. *Id.* at 3, citing Pa.R.A.P. 121(f) (federal prisoner mailbox rule). This Court discharged the rule to show cause on June 17, 2022, and referred the issue to this merits panel. Order, 6/17/22.

In his brief, Appellant repeats the argument from his response to the rule to show cause. *See* Appellant's Brief at 10-11. The Commonwealth agrees with Appellant. *See* Commonwealth Brief at 7 ("the appeal appears to be timely, and this [C]ourt has jurisdiction.").

Our review reveals that the *pro se* notice of appeal filed in this Court is time-stamped March 18, 2022, April 4, 2022, and April 14, 2022. Despite this confusion, we are persuaded by Appellant's argument that this appeal is timely. Therefore, we address Appellant's issue regarding the PCRA court's failure to appoint counsel.

Appellant explains:

> On December 17, 2021, Appellant filed a Motion for Jail Time Credit seeking credit for time served while in the Cumberland County Prison pending disposition of his Cumberland County

charges at the underlying docket. In the motion Appellant requested that counsel be appointed to represent him on the matter. On January 3, 2022, the Trial Court entered an Order of Court stating that it was treating the Motion for Jail Time Credit as, "a request for relief under the Post-Conviction Relief Act," and thereafter provided Appellant with a Notice of Intention to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907(1). The Trial Court was correct to treat the motion as a PCRA petition. "The PCRA provides the sole means for obtaining collateral review, and ... any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition..." ***Commonwealth v. Little***, 245 A.3d 1087 (Pa. Super. Ct. 2020) citing, ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002).

\*\*\*

**The Trial Court in its 1925 opinion stated the relevant law on this issue and agreed with Appellant that it erred when it did not appoint counsel for Appellant on a motion that the Trial Court treated as a first Post-Conviction Relief Act petition**.

Appellant's Brief at 9 (emphasis added).

The PCRA court specifically stated:

While Appellant's underlying petition lacks merit, under the Rules of Criminal Procedure he is entitled to the benefit of legal counsel on his first PCRA petition. However, counsel was not appointed until Appellant filed the instant appeal. Therefore, this case should properly be remanded for further proceedings at the trial court level.

PCRA Court Opinion, 6/13/22, at 8 (citation omitted).

In addition:

The Commonwealth agrees that the Superior Court should remand to allow the Trial Court to appoint PCRA counsel and allow for any necessary review of the alleged claims. The Commonwealth maintains that Appellant's filing was an untimely PCRA that would not have been granted even if the court had considered the merits of the claim because he is not entitled to double credit.

Commonwealth Brief at 7.

In sum, Appellant was improperly denied his right to counsel before the PCRA court. Rule of Criminal Procedure 904(C) provides "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). Recognizing the right to counsel in a first PCRA petition, this Court has held that "[t]he indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims … so long as the petition in question is his first." ***Commonwealth v. Kelsey***, 206 A.3d 1135, 1139 (Pa. Super. 2019).

Appellant was entitled to representation before the PCRA court. Accordingly, we vacate the PCRA court's order denying relief and remand for further proceedings. If Appellant is indigent and does not waive his right to counsel, the PCRA court shall appoint counsel and afford appointed counsel a reasonable opportunity to advocate on Appellant's behalf.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2022