J-S43033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SPENCER LONG | : | |
| | : | |
| Appellant | : | No. 492 EDA 2022 |

Appeal from the PCRA Order Entered January 26, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001874-2016

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 6, 2023**

Appellant Spencer Long appeals from the order dismissing his timely first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA).[2] Appellant contends the PCRA court erred in permitting PCRA counsel to withdraw.  After review, we vacate the PCRA court's order and remand for further proceedings consistent with this memorandum.

The PCRA court summarized the relevant facts and procedural history of this matter as follows:

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] The record reflects that the order dismissing Appellant's PCRA petition was dated January 4, 2022.  *See* Order, 1/4/22.  The record further reflects that the order was entered on the docket on January 4, 2022, and again on January 26, 2022.  In any event, Appellant's notice of appeal was filed on February 2, 2022, and it was therefore timely.  *See* Pa.R.A.P. 903(a) (providing that "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken").

On January 19, 2017, Philadelphia Police Detective Michael Repici (hereinafter Detective Repici) testified at Appellant's suppression hearing and stated that on December 18, 2015, he was assigned to investigate a shooting that occurred at 27th and Thompson Streets in the city and county of Philadelphia. During the investigation, Detective Repici quickly learned that Appellant and the victim, Marquis McClain (hereinafter Mr. McClain), knew each other, the incident was over a girl, and prior to the shooting, the victim was arguing with Little Spence.

Appellant was arrested on December 30, 2015. During the search incident to arrest, officers recovered a black LTE cellphone. Detective Repici proceeded to confirm the number associated with the LTE cellphone, which was found to be registered to Appellant, and that the LTE cellphone was operational.

Detective Repici subsequently prepared a search warrant in order to obtain the subscriber information, call records, and GPS locations pertaining to Appellant's cellphone. Detective Repici explained that the purpose of said warrant was to corroborate existing evidence that the victim and Appellant had been talking to one another just before the shooting occurred. Detective Repici also applied for search warrants pertaining to the victim's phone and the phone number of Aleya Porterfield. Aleya Porterfield was romantically involved with both the Appellant and the victim. The victim's phone records revealed that he was in fact, in contact with [Appellant] on that date and time shortly before and up until the shooting.

Later, Detective Repici obtained a second search warrant in connection with Appellant's cellphone. The purpose of this warrant was for a dump of the physical phone itself to obtain everything physical out of the phone: texts, call logs, and subscriber information. For each search warrant, Detective Repici used the same language to identify the items to be searched and seized. More specifically, the warrants stated, incoming/outgoing call records duration, time and cell site tower locations, text messages and photos for the cellular phone number of 267-499-6993 from 12/16/15 to present time. On both warrants, Detective Repici identified phone records as the property to be seized.

Devon Campbell (hereinafter Ms. Campbell), a Mobile Device Forensic Examiner for the Philadelphia District Attorney's Office, also testified at the suppression hearing. Ms. Campbell confirmed that her partner, with whom she works as a tag team, received

Appellant's cellphone, as well as the search warrant. Ms. Campbell's partner extracted the data from the cellphone. Before the data was downloaded from the cellphone, the examiners did not check for the creation date of the data. Ms. Campbell explained, there is no way to limit what you get from that dump. On January 19, 2017, the Court denied Appellant's Motion to Suppress.

At the jury trial, the Commonwealth called Edward Dixon (hereinafter Mr. Dixon) to testify. Mr. Dixon worked as an auto mechanic at a garage located at the corner of Cabot and 27th Street. Mr. Dixon stated that he knew the victim, and the victim always call[ed him]pop. Mr. Dixon saw the victim on December 18, 2015, when the victim pulled up and stopped in the street in front of the garage. Mr. Dixon testified that he spoke with the victim for maybe two minutes before the victim left and turned off Cabot Street onto 27th Street, in the direction of Thompson Street. Following the victim's departure, Mr. Dixon heard gunshots.

Ten to fifteen minutes after Mr. Dixon heard the gunshots, he spoke to the victim on the phone. The victim told Mr. Dixon to call [the victim's] mom. Approximately five minutes later, the victim again called Mr. Dixon and asked if Mr. Dixon had called the victim's mother. The victim also said, Spencer shot me. The prosecutor asked, did you know who he was referring to when he said Spencer shot me? Mr. Dixon replied, yes. Mr. Dixon then indicated that the victim was referring to the Appellant and testified, that's the only Spencer I know around there.

PCRA Ct. Op., 5/25/22, at 2-4 (citations omitted and formatting altered).

On December 18, 2015, [Appellant] was arrested and charged with two counts each of attempted murder, aggravated assault, simple assault, and recklessly endangering another person [(REAP)], and single count[s] of possession of an instrument of crime, possession of firearm prohibited, firearms not to be carried without a license, and carrying a firearm on public streets in Philadelphia.[FN1]

[FN1] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 2702(a)(1); 18 Pa.C.S. § 2701(a); 18 Pa.C.S. § 2705; 18 Pa.C.S. § 907; 18 Pa.C.S. § 6105(a)(1); 18 Pa.C.S. § 6106(a)(1); [and] 18 Pa.C.S. §6108 (respectively).

***Id.*** at 1 (some formatting altered).

Appellant proceeded to a jury trial on April 19, 2017, and at the conclusion of trial on April 27, 2017, the jury found Appellant guilty of one count each of attempted murder, aggravated assault, REAP, firearms not to be carried without a license, and carrying a firearm on public streets in Philadelphia. N.T., 4/27/17, at 41. On June 18, 2018, the trial court sentenced Appellant to an aggregate term of ten to twenty years of incarceration. N.T., 6/18/18, at 13.

Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence. ***See Commonwealth v. Long***, 3075 EDA 2018, 2020 WL 7028995 (Pa. Super. filed Nov. 30, 2020) (unpublished mem.). Our Supreme Court denied Appellant's petition for allowance of appeal on June 8, 2021. ***See Commonwealth v. Long***, 518 EAL 2020, 256 A.3d 427 (Pa. filed Jun. 8, 2021). Appellant did not pursue a writ of *certiorari* in the United States Supreme Court.

On August 17, 2021, Appellant filed a timely *pro se* PCRA petition, and Douglas L. Dolfman, Esq. (PCRA Counsel), was appointed to represent Appellant. On October 7, 2021, PCRA Counsel filed a ***Turner***/***Finley*** letter[3] and motion to withdraw as counsel. On October 29, 2021, the PCRA court sent Appellant its notice of intent to dismiss Appellant's PCRA petition without

---

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

a hearing pursuant to Pa.R.Crim.P. 907, and Appellant filed a *pro se* response on November 19, 2021. The PCRA court dismissed Appellant's PCRA petition without a hearing on January 4, 2022, and it granted PCRA Counsel's motion to withdraw. Appellant, through new counsel, David W. Barrish, Esq. (Current Counsel), filed a timely appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

A. Whether the PCRA court erred, when it accepted the Finley letter, filed by PCRA Counsel in this matter, and dismissed Appellant's request for PCRA relief, as this Finley letter does not fulfill all of the requirements of **Turner**/**Finley** and **Pitts**?[4]

B. Whether the PCRA court erred, when it accepted the **Finley** letter, filed by PCRA Counsel in this matter, and dismissed Appellant's request for PCRA relief, as there were issues of arguable merit, that could have been raised, by PCRA counsel, in an amended PCRA petition?

Appellant's Brief at 4 (formatting altered).

Appellant first contends that the PCRA court erred in granting PCRA Counsel's motion to withdraw because PCRA Counsel failed to satisfy the requirements to withdraw under **Turner**/**Finley**. Appellant's Brief at 20-21. Specifically, Appellant asserts that PCRA Counsel's **Turner**/**Finley** letter did not explain the nature and extent of counsel's review, it did not list issues Appellant wanted to raise, and it failed to provide a basis upon which the PCRA court could conclude that Appellant's issues were meritless. **Id.** at 21-22.

---

[4] **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009).

The Commonwealth and the PCRA court agree with Appellant's first claim of error. Moreover, both the Commonwealth and the PCRA court concede that the order dismissing Appellant's PCRA petition without a hearing and granting PCRA counsel's petition to withdraw should be vacated and remanded because PCRA Counsel failed to satisfy the requirements of *Turner*/*Finley*. *See* Commonwealth's Brief at 19-20; PCRA Ct. Op., 5/25/22, at 7-9. We agree.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

As stated previously, the underlying PCRA petition is Appellant's first petition. "A convicted defendant has a right under the Rules of Criminal Procedure to the assistance of counsel on a first PCRA petition." *Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019) (citations omitted). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." *Id.* (citations omitted).

Moreover:

> [i]f PCRA counsel seeks to withdraw on the ground that the issues raised by the PCRA petitioner are without merit, he must satisfy the following requirements: he must file a sufficient no-merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA petitioner of his right to proceed *pro se* or with a privately retained attorney. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.

*Id.* (citations omitted).

In Appellant's *pro se* PCRA petition, Appellant cites to pages twenty-three through twenty-five of the notes of testimony from a pre-trial hearing held on April 18, 2017. *See Pro Se* PCRA Petition, 8/17/21, at 4. A review of the record reveals that during the April 18, 2017 hearing, Ramsey Younis, Esq. (Trial Counsel), argued an issue concerning the seizure of certain texts and photographic evidence that was allegedly outside the scope of a search warrant. *See* N.T., 4/18/17, at 23-25. The trial court informed Trial Counsel that this issue is waived because it was not raised when Appellant's suppression motion was litigated. *See id.* at 23-24. Trial Counsel responded that if this evidence was available to the defense at the time the suppression motion was litigated, then he was ineffective for failing to raise the issue. *See id.* at 25.

However, in the *Turner*/*Finley* letter, PCRA Counsel fails to address the allegedly improperly seizure of evidence or the claim of ineffectiveness for failing to move for suppression of that evidence. Rather, in the *Turner*/*Finley* letter PCRA Counsel states: "it is my professional opinion that the issues raised in [Appellant's] *pro se* PCRA [petition] does not provide a basis for relief under the [PCRA], and that there are no further issues which could be raised in a counseled petition." *Turner*/*Finley* Letter, 10/7/21, at 1 (unnumbered). PCRA Counsel then generally identifies the issues raised in Appellant's *pro se* PCRA petition as follows: "[Appellant] baselessly alleges his constitutional rights were infringed and ineffective assistance of counsel." *Id.* at 2 (unnumbered). PCRA Counsel fails to set forth in any detail the issues Appellant wished to raise on appeal or explain why the issues are meritless. Additionally, PCRA Counsel's *Turner*/*Finley* letter does not include any indication that Appellant was served with a copy of this document.

After review, we conclude that the PCRA court erred in dismissing Appellant's PCRA petition and granting PCRA Counsel's petition to withdraw. *See Ousley*, 21 A.3d at 1242. The record reflects that PCRA Counsel neither advocated for Appellant on the merits of the petition, nor did he file a no-merit letter that meets the requirements of *Turner*/*Finley*. *See Kelsey*, 206 A.3d at 1139. Accordingly, we agree with the parties and the PCRA court that the order dismissing Appellant's PCRA petition and granting PCRA Counsel's motion to withdraw must be vacated and the matter remanded to the PCRA court. On remand, Appellant shall be permitted to file an amended counseled

PCRA petition, or should Current Counsel conclude that in the exercise of his professional judgment "the issues raised in the PCRA proceeding are without merit, counsel may file an adequate no-merit letter that addresses all of the issues raised in Appellant's PCRA petition and move to withdraw." ***Id.*** (citations omitted).[5]

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2023

---

[5] In light of our conclusion that the PCRA court's order must be vacated and the case remanded, we do not reach Appellant's second issue in which he asserts that the issues raised in his PCRA petition have arguable merit. ***See Kelsey***, 206 A.3d at 1139 n.4 (Pa. Super. 2019) (stating "[b]ecause we conclude that PCRA court's order must be vacated on this ground, we do not address any of the other issues raised by [a]ppellant in this appeal.").