J-S42008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK ALAN ANDRESS | : | |
| | : | |
| Appellant | : | No. 1407 WDA 2021 |

Appeal from the PCRA Order Entered October 27, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000403-2015

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: FEBRUARY 22, 2023**

Mark Alan Andress appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We vacate the order and remand with instructions.

The facts underlying Appellant's convictions are as follows:

At 7:09 a.m. on July 14, 2015, Assistant Chief Michael Ward and Officer Clayton Yohe of the Bradford City Police department were dispatched to an apartment for a reported domestic violence incident.  When they arrived, the victim Carol VanHorn told the officers that Appellant, her boyfriend, had grabbed her and attempted to shove her towards an open window.  She feared being pushed out of the window, so she dropped to the ground. Appellant then left the apartment.

Both officers observed that Ms. VanHorn was crying and had fresh markings on her skin.  Appellant returned while the officers spoke to the victim.  He was visibly agitated and was shouting profanities.  [Assistant] Chief Ward asked Appellant to place his

_____

[*] Retired Senior Judge assigned to the Superior Court.

hands on the wall to pat him down for safety. Appellant complied, and Officer Ward then told him that he would be placed in restraints. [Assistant] Chief Ward tried to pull down Appellant's arm to place him in handcuffs, but Appellant spun and kicked him in the ankle. A struggle ensued, and Appellant choked the officer for approximately one minute. Appellant eventually released [Assistant] Chief Ward, who subsequently incurred financial costs for the treatment of his ankle.

For these acts, Appellant was charged with two counts of aggravated assault, both of which listed [Assistant] Chief Ward as the victim, in addition to the following crimes: resisting arrest, two counts of simple assault—one each for attacking Ms. VanHorn and [Assistant] Chief Ward—and one count of summary harassment. Following a jury trial, Appellant was acquitted of one count of aggravated assault, and convicted of all remaining charges.

*Commonwealth v. Andress*, 181 A.3d 450 (Pa.Super. 2017) ("*Andress I*") (unpublished memorandum at 1-2). On direct appeal, this Court rejected Appellant's claims that the evidence was insufficient to show that the arrest that he resisted had been lawful or to warrant the imposition of restitution, and affirmed Appellant's judgment of sentence. *Id*. Thereafter, Appellant did not seek discretionary review in our Supreme Court.

On November 26, 2018, Appellant filed a timely PCRA petition. Therein Appellant raised numerous issues. The claims largely related to allegations that the x-ray of Assistant Chief Ward's ankle admitted at trial without objection was not properly authenticated and was actually from a leg injury a different officer sustained in 2006, and that Appellant was the victim of an assault at the hands of the police, not the other way around. *See* PCRA Petition, 11/26/18, at ¶¶ 6(A)-(D), (T)-(X).

However, Appellant also included multiple claims of ineffective assistance of counsel pertaining to the three different attorneys who had represented Appellant. For example, Appellant alleged that Dennis Luttner, Esquire, was ineffective in various aspects of his handling of the preliminary hearing. *Id*. at ¶¶ (G)-(I). Separately, Appellant asserted many challenges to the effectiveness of trial counsel, Jarrett Smith, Esquire, ranging from the failure to pursue a defense of self-defense, not investigating to find eyewitnesses, not properly vetting the witnesses he did call, not subpoenaing medical records, not objecting to certain evidentiary rulings, and not calling Appellant to testify in his own defense. *Id*. at ¶¶ (J)-(S), (Y)-(AC). Further, Appellant contended that he received ineffective assistance from the refusal of Todd Mosser, Esquire, to raise certain claims while he represented Appellant on direct appeal. *Id*. at ¶¶ (AD)-(AI).

This Court detailed the missteps by the PCRA court in connection with its adjudication of this petition, and Appellant's attempts to correct them, as follows:

> The certified record indicates the petition was subsequently misplaced. Our review further reveals:
>
> > --[A]n undated yellow post-it affixed to the petition with the handwritten note, "Judge-This was in the wrong file. It may need to be scheduled. It was filed in November."
> >
> > --[C]ounsel was never appointed.
> >
> > --[N]o hearing was scheduled, nor did the court issue notice pursuant to Pennsylvania Rule of Criminal Procedure 907.

> --On August 8, 2019, the court summarily dismissed the petition in an order which incorrectly stated the petition was a "second PCRA petition and clearly untimely filed."
>
> --On September 6, 2019, Appellant filed a timely notice of appeal, which the McKean County Clerk of Courts never transmitted to the Prothonotary of this Court.
>
> On March 13, 2020, Appellant filed [another] *pro se* PCRA petition, his second. The PCRA court did not appoint counsel. On April 23, 2020, the PCRA court issued Rule 907 notice, and Appellant filed on May 4, 2020, a *pro se* response requesting a hearing. Also that same day, Appellant filed a motion for discovery, motion for appointment of counsel, and motion "to Move Forward in the Proceedings of the PCRA court." The PCRA court denied all three motions on May 6, 2020. On May 15, 2020, the PCRA court dismissed Appellant's petition without a hearing. Appellant timely appealed.

*Commonwealth v. Andress*, 260 A.3d 99 (Pa.Super. 2021) ("*Andress II*") (non-precedential decision at 1-3) (cleaned up). Based upon what we acknowledged to be an "extraordinary breakdown in the judicial process," this Court vacated the order dismissing his second PCRA petition and remanded for the appointment of counsel to assist Appellant in seeking PCRA relief *nunc pro tunc*. *Id*. at 6-7 (internal quotation marks omitted).

On remand, the PCRA court appointed counsel who examined Appellant's *pro se* petitions and concluded that none of the issues implicated therein was availing. Accordingly, counsel filed a petition to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Of relevance to this appeal, PCRA counsel addressed the issues Appellant raised "most prominently" in the petition. *See Turner/Finley*

Letter, 8/27/21, at unnumbered 3. Specifically, PCRA counsel explained his reasons for concluding there was no merit to the claims that: (1) counsel failed to object to the introduction of the x-ray or obtain records about a prior leg injury suffered by Assistant Chief Ward; (2) the x-ray admitted was not that of Assistant Chief Ward; (3) Attorney Smith did not attempt to get the medical records; and (4) the trial judge had a conflict of interest and improperly precluded counsel from questioning Ms. VanHorn about the reason for the argument on the day in question. *Id*. However, the no-merit letter failed to address any of the other claims of ineffective assistance described above.

On October 12, 2021, the PCRA court filed an opinion detailing its independent review of the issues addressed in PCRA counsel's no-merit letter and its reasons for agreeing with counsel that the claims were meritless. *See* PCRA Court Opinion, 10/12/21, at 3-7. It therefore issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, and also entered an order permitting PCRA counsel to withdraw. *Id*. at 8; Order, 10/12/21. Appellant filed a response to the Rule 907 notice, complaining, among other things, that PCRA counsel in his no-merit letter "did not mention any of the issues I stated in my petition that I stated to him,"

and listing a litany of issues.[1] Rule 907 Response, 10/19/21, at unnumbered 1. The PCRA court nonetheless dismissed Appellant's petition by order of October 27, 2021.

Appellant filed a timely notice of appeal. On November 23, 2021, the PCRA court entered an order directing Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[2] Appellant filed a statement following the grant of a requested extension of time. Therein, Appellant, *inter alia*, disputed that PCRA counsel completed a thorough review and listed a number of claims of ineffectiveness assistance of prior counsel that PCRA counsel failed to address in his **Turner**-**Finley** letter. **See** Concise Statement, 1/6/22, at unnumbered 4-7. **See also id**. at Claim 12 (assailing PCRA counsel's performance).

---

[1] A supplemental record certified to this Court on April 1, 2022, contains documents Appellant wished to add to the record, namely correspondence purported to send in October 2021 complaining about PCRA counsel's performance. Given our disposition based upon Appellant's response to the Rule 907 notice, we need not address Appellant's claims that the PCRA court erred in refusing to grant his request to supplement the record.

[2] The PCRA court's order did not comply with Pa.R.A.P. 1925(b)(3)(iii) in that it did not provide the address to which Appellant could mail the statement. **See Boyle v. Main Line Health**, **Inc.**, 272 A.3d 466 (Pa.Super. 2022) (non-precedential decision at 11, n.8) ("Where the trial court's order is inconsistent with the requirements of Rule 1925(b)(3)(iii), . . . the waiver provisions of subsection (b)(4)(vii) do not apply. It would be fundamentally unfair to require appellants to strictly comply with the requirements of Rule 1925, but not require the same diligence from the trial court requesting a Rule 1925(b) statement."). We also note that, while the order directed "counsel's attention" to Pa.R.A.P. 2116(a), Appellant was *pro se* at the time.

The PCRA court filed a Pa.R.A.P. 1925(a) opinion on January 7, 2022, indicating that, upon review of Appellant's lengthy Rule 1925(b) statement, it had addressed the one issue that was preserved for appeal, namely that the x-ray introduced at trial was fraudulent. The court referred us to its October 12, 2021 opinion regarding that issue.[3]

In this Court, Appellant filed a brief stating for our review thirty-three issues implicating a wide range of errors. Pertinent to our disposition, Appellant asserts that PCRA counsel was impaired during his consultation with Appellant and that the PCRA court erred in ignoring his complaints about PCRA counsel. *See* Appellant's brief at 4. Appellant argues that the PCRA court failed to follow this Court's prior order by providing him with competent counsel, as PCRA counsel filed a *Turner*-*Finley* letter that did not address Appellant's "actual" issues. *Id*. at 20. Appellant also maintains that PCRA counsel lied about reviewing the court record. *Id*. at 26-27.

As this Court has long observed:

> Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled to at least one meaningful opportunity to have issues reviewed, at least in the context of an ineffectiveness claim. This Court has admonished, accordingly, that the point in time at which a trial court may determine that a PCRA petitioner's claims are frivolous or meritless is **after** the

---

[3] Appellant filed applications for relief in this Court on November 14, 2022, and November 28, 2022, asserting that his case should be dismissed and that he should be immediately released from custody because the PCRA court did not timely file its Rule 1925(a) opinion. Since Appellant's requests have no basis in law or fact, his applications are hereby denied.

- 7 -

petitioner has been afforded a **full** and fair opportunity to present those claims.

***Commonwealth v. Karanicolas***, 836 A.2d 940, 945 (Pa.Super. 2003) (cleaned up, emphases added). Accordingly, PCRA counsel must either pursue the meritorious claims his client wishes to raise, or, if PCRA counsel believes that there are no meritorious issues, may instead of filing an amended petition seek to withdraw pursuant to ***Turner*** and ***Finley***.

In order to withdraw, counsel must satisfy **all** the procedural requirements of ***Turner***/***Finley***, including, among other things, filing a no-merit brief. This brief "**must**: (1) detail the nature and extent of counsel's review of the case; (2) list **each issue** the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that **the petitioner's issues** are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel." ***Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa.Super. 2019) (emphases added). We have explained:

> Where PCRA counsel's no-merit letter does not discuss **all** of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.

***Commonwealth v. Kelsey***, 206 A.3d 1135, 1139 (Pa.Super. 2019) (emphasis added).

Our above summary of the certified record establishes that, to date, Appellant has yet to receive a full opportunity to present his claims with the assistance of counsel because PCRA counsel failed to acknowledge multiple claims raised by Appellant in his *pro se* petition and to explain why each claim lacks merit. Accordingly, we are constrained to vacate the order dismissing Appellant's 2018 *pro se* PCRA petition and remand for the appointment of counsel to either file an amended PCRA petition or a petition to withdraw with a proper ***Turner***/***Finley*** brief addressing all of the issues raised in the *pro se* petition. ***See Kelsey***, ***supra*** at 1140 (vacating order dismissing PCRA petition and remanding for the appointment of new PCRA counsel where "PCRA counsel's no-merit letter discussed only a subset of the issues that Appellant stated in his PCRA petition").

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023