J-S25012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID RILEY | : | |
| | : | |
| Appellant | : | No. 2166 EDA 2022 |

Appeal from the PCRA Order Entered August 15, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007669-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID RILEY | : | |
| | : | |
| Appellant | : | No. 2167 EDA 2022 |

Appeal from the PCRA Order Entered August 15, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007670-2017

BEFORE: NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:          **FILED OCTOBER 11, 2023**

Appellant David Riley appeals from the order denying his timely first Post-Conviction Relief Act[1] (PCRA) petition without a hearing. Appellant argues that prior PCRA counsel was ineffective for filing a deficient

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

***Turner***/***Finley***[2] letter and failing to address additional claims that Appellant raised in his *pro se* PCRA petition. We vacate the PCRA court's order and remand for further proceedings.

Briefly, Appellant was convicted of aggravated assault and related offenses in 2018. On August 24, 2018, the trial court sentenced Appellant to an aggregated term of ten to twenty years' incarceration followed by five years' probation. This Court affirmed Appellant's conviction on appeal. ***See Commonwealth v. Riley***, 265 EDA 2019, 2021 WL 223534 (Pa. Super. filed Jan. 22, 2021) (unpublished mem.).

On August 4, 2021, Appellant filed a timely *pro se* PCRA petition. The PCRA court subsequently appointed Douglas L. Dolfman (prior PCRA counsel), who filed a ***Turner***/***Finley*** letter concluding that Appellant was not entitled to PCRA relief. On July 19, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. The PCRA court issued an order dismissing Appellant's petition on August 15, 2022.

Appellant filed a timely *pro se* notice of appeal at both trial court docket numbers.[3] Thereafter, the PCRA court issued an order removing prior PCRA

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] We note that Appellant was still represented by prior PCRA counsel when he filed his notices of appeal. However, this Court has held that because the filing of a notice of appeal protects a petitioner's constitutional right to an appeal, such a *pro se* filing from a litigant who is represented by counsel does
*(Footnote Continued Next Page)*

counsel and appointing William A. Love, Esq. (current counsel) for purposes of appeal. Appellant subsequently filed a court-ordered Pa.R.A.P 1925(b) statement, and the PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises three claims, which we have reordered as follows:

1. Was PCRA counsel ineffective for filing a *Finley* letter in the situation where defense counsel allowed a hearsay identification of police officer Jason Troccoli to be read into the record at the preliminary hearing without requiring the presence of the police officer?

2. Was PCRA counsel ineffective for filing a *Finley* letter in the situation where the Commonwealth at trial brought up "drugs and paraphernalia" in its closing argument when no such items were found on [Appellant's] person or in his residence and no limiting instruction was issued by the trial court and this issue was not raised on appeal?

3. Was PCRA counsel ineffective for failing to investigate [Appellant's] claim that exculpatory videotape evidence was withheld by the Commonwealth?

Appellant's Brief at 5-6.

_____

not offend the considerations of hybrid representation. *See Commonwealth v. Williams*, 151 A.3d 621 (Pa. Super. 2016).

Additionally, Appellant complied with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) by filing separate notices of appeal at each docket number, each containing both trial court docket numbers with one number specifically marked on each notice of appeal. *See Commonwealth v. Johnson*, 236 A.3d 1141, 1148, (Pa. Super. 2020) (approving the filing of separate but identical notices of appeal as compliant with the dictates of *Walker*).

In all three of his claims, Appellant argues that prior PCRA counsel was ineffective for filing a **Turner**/**Finley** letter and failing to litigate additional claims that Appellant raised in his *pro se* PCRA petition.[4] Specifically, Appellant argues that prior PCRA counsel failed to address whether trial counsel was ineffective for failing to challenge a hearsay identification at the preliminary hearing or object to comments during the Commonwealth's closing argument. **Id.** at 18-25. Additionally, Appellant argues that prior PCRA counsel was ineffective for failing to investigate Appellant's claim concerning exculpatory video evidence withheld by the Commonwealth or address the merits of that issue. **Id.** at 12-18. Therefore, Appellant concludes that prior PCRA counsel's **Turner**/**Finley** letter was deficient as a matter of law. **Id.** at 25.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "[W]e apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

---

[4] We note that although Appellant raised his ineffectiveness claims for the first time in his Rule 1925(b) statement, our Supreme Court has held that PCRA petitioners may "raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 405 (Pa. 2021).

It is well-established that a petitioner has a rule-based right to counsel in litigating a first PCRA petition which must be honored even when the claims appear on their face to lack merit. Pa.R.Crim.P. 904(C); *Commonwealth v. Cherry*, 155 A.3d 1080, 1082 (Pa. Super. 2017). Appointed counsel has a duty to either amend the *pro se* petition and litigate the claims on the merits or seek to withdraw by complying with the mandates of *Turner/Finley*. *Id.* at 1083. "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." *Id.*

We have previously set forth counsel's obligations in filing a no-merit letter under *Turner/Finley* as follows:

> The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.

*Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019) (citations omitted).

Finally, this Court has noted that "a PCRA court's independent review of the record is no substitute for the right to counsel in litigating a first PCRA petition." *Commonwealth v. LeClair*, 137 WDA 2022, 2022 WL 10225177

at \*3 (Pa. Super. filed Oct. 18, 2022) (unpublished mem.).[5]  Indeed, "a PCRA court cannot act as counsel to a petitioner, and competent counsel advancing the petitioner's interests may reframe or identify new issues that were not articulated in legally adequate terms by a *pro se* litigant."  ***Id.***

Here, Appellant filed a *pro se* PCRA petition raising multiple claims including, but not limited to, issues with the Commonwealth's closing argument at trial and the identification evidence presented at the preliminary hearing.  ***See*** *Pro Se* PCRA Pet., 8/4/21, at 4.  However, prior PCRA counsel did not include those claims in his ***Turner***/***Finley*** letter.  ***See Turner***/***Finley*** Ltr., 9/9/21, at 1-2 (unpaginated).  Additionally, although prior PCRA counsel referred to Appellant's *pro se* claim concerning the existence of exculpatory video evidence, PCRA counsel ultimately failed to address that issue or explain why it was meritless.  ***See id.***  Therefore, we conclude that prior PCRA counsel failed to comply with the mandates of ***Turner***/***Finley***.  ***See Kelsey***, 206 A.3d at 1139.  We note that the Commonwealth argues that even if prior PCRA counsel's ***Turner***/***Finley*** response is arguably deficient, Appellant is not prejudiced because his *pro se* claims are impossibly vague and clearly meritless.  ***See*** Commonwealth's Brief at 6-7.  Further, we recognize that the PCRA court independently addressed Appellant's *pro se* claims in its Rule 1925(a) opinion, however, the PCRA court's review does not remedy the

---

[5] We may cite to non-precedential memorandum decisions filed by this Court after May 1, 2019 for their persuasive value.  ***See*** Pa.R.A.P. 126(b).

defect caused by prior PCRA counsel's deficient representation. **See LeClair**, 2022 WL 10225177 at *3; **see also Kelsey**, 206 A.3d at 1139.

For these reasons, we conclude that Appellant was deprived of his right to counsel in litigating his first PCRA petition. **See Kelsey**, 206 A.3d at 1139. Accordingly, we vacate the PCRA court's order dismissing Appellant's petition and remand for current PCRA counsel to either file an amended petition or an adequate no-merit letter in the PCRA court within thirty days.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: October 11, 2023