**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAFAEL HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 667 MDA 2023 |

Appeal from the PCRA Order Entered April 6, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003319-1998

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.: **FILED: NOVEMBER 29, 2023**

Appellant Rafael Hernandez appeals *pro se* from the Order entered April 6, 2023, in the Berks County Court of Common Pleas denying his seventh petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Citing ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), Appellant challenges the stewardship provided in 1999 by his first PCRA counsel.[2] After careful review, we affirm.

**A.**

This Court previous summarized the background that provides context for this appeal as follows:

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] In ***Bradley***, our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." 261 A.3d at 401.

On May 5, 1999, pursuant to a plea bargain, Appellant pled guilty to first-degree murder in exchange for a sentence of life imprisonment. . . . On May 17, 1999, counsel for Appellant filed a motion to withdraw his guilty plea and also requested permission to withdraw from the case. On May 20[,] 1999, the trial court entered an Order dismissing Appellant's request to withdraw his guilty plea as untimely filed. However, the trial court granted counsel's petition to withdraw from the case and appointed new counsel, Gail Chiodo, Esquire, to represent Appellant.

Although no PCRA petition was currently pending before the trial court, on March 27, 2000, Attorney Chiodo filed a no-merit letter pursuant to [***Turner***/***Finley***[3]]. On March 29, 2000, the trial court permitted Attorney Chiodo to withdraw and entered a Notice of Intent to Dismiss Appellant's "petition" without a hearing.

On June 1, 2000, Appellant filed a *pro se* notice of appeal and later filed a *pro se* concise statement of matters on appeal. On July 11, 2000, the trial court appointed Michael Dautrich, Esquire, to represent Appellant on appeal. On August 17, 2000, Attorney Dautrich filed an amended concise statement of matters.
. . .

[O]n January 2, 2001, [the court held] an evidentiary hearing . . . concerning whether Appellant had asked Attorney Chiodo to file a direct appeal on his behalf. During that hearing the parties stipulated that such a request had been made, and [that] Attorney Chiodo [had] failed to perfect Appellant's direct appeal rights.

On January 9, 2001, Attorney Dautrich filed an "amended" PCRA petition on behalf of Appellant seeking reinstatement of Appellant's direct appeal rights. On that same date, the trial court filed an opinion requesting [that] this Court either permit Appellant [to] file a direct appeal *nunc pro tunc*, consider the appeal on its merits or remand the case for further proceedings. Tr. Ct. Op., 1/9/[20]00, at 6. Because the trial court has treated these proceedings as if a PCRA petition had been filed, we will consider this appeal on the merits.

---

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

*Commonwealth v. Hernandez*, No. 1294 MDA 2000 (Pa. Super. filed Dec. 21, 2001) (paragraph breaks added).

On appeal, Appellant challenged the denial of his motion to withdraw his guilty plea and asserted a claim that Attorney Chiodo was ineffective for failing to raise all meritorious issues on appeal, including the defenses of provocation, self-defense, and involuntary intoxication. *Id*. at 13. This Court found Appellant's plea knowing, voluntary, and intelligent and observed that the entry of a guilty plea serves as a waiver of all defects and defenses except those concerning jurisdiction, legality of sentence and the validity of the plea. The Court acknowledged Appellant's ineffectiveness claim and referenced its prior discussion of waiver before concluding that Appellant's claims had no merit. *Id*.[4] Appellant subsequently filed five PCRA petitions.

## B.

On October 24, 2022, Appellant filed his seventh PCRA Petition, the denial of which is now before us, challenging the assistance provided by Attorney Chiodo in 1999. In support, he argued that the *Bradley* decision created a new constitutional right that permits him to raise a claim of ineffective assistance of PCRA counsel retroactively. The PCRA court appointed

---

[4] In a footnote, the Court stated that "[s]ince we have addressed the merits of Appellant's claim of an involuntary plea, we need not address Appellant's remaining issues challenging prior counsel's ineffectiveness for failing to file a direct appeal." *Hernandez,* No. 1294 MDA 2000, at 13 n.4

David Long, Esq., as counsel. Mr. Long filed a "no-merit" *Turner*/*Finley* letter and a request to withdraw as counsel.

On February 28, 2023, the PCRA court granted counsel's motion to withdraw and issued a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907, concluding that it lacked jurisdiction because Appellant's petition is patently untimely and Appellant failed to plead and prove the applicability of any of the PCRA's timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1)(i-iii). Appellant filed a response to the Court's Rule 907 notice. On April 6, 2023, the PCRA court entered an order dismissing the petition.

Appellant timely appealed. He filed a court-ordered Pa.R.A.P. 1925(b) Statement, and in response, the PCRA court issued a Statement directing this Court's attention to its Order and Notice of Intent to Dismiss dated February 28, 2023.

**C.**

Appellant raises the following issues for our review:

1.      Whether [Appellant] can have his appeal rights restored *nunc pro tunc* to raise PCRA Counsel's ineffectiveness on an appeal to the Superior Court of Pennsylvania, pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Oct. 20, 2021)?

2.      Whether PCRA counsel was ineffective for failing to properly present a claim during the first PCRA proceeding, that trial counsel was ineffective in relation to securing a Spanish interpreter for the plea colloquy and sentencing?

3.      Whether PCRA counsel was ineffective for failing to properly present a claim during the first PCRA proceeding that plea counsel was ineffective in relation to advising [Appellant] to enter an

- 4 -

involuntary and unknowing plea, because there was a strong defense of serious provocation and involuntary intoxication?

Appellant's Br. at 2.

Our standard of review is well-settled. "We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." *Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019).

It is well-established that the timeliness of a PCRA petition is jurisdictional, and if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005). To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's jurisdictional time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004).

Here, Appellant's petition, filed nearly 23 years after his Judgment of Sentence became final, is patently untimely. Without explicitly acknowledging the PCRA's timeliness exceptions, Appellant contends that he now raises his challenge to Ms. Chioto's 1999 stewardship because "the Supreme Court

substantively changed a watershed procedural rule on how and when claims of PCRA Counsel's ineffectiveness can be raised for the first time." Appellant's Br. at 9. Providing a generous reading of his argument, we deduce that Appellant attempts to implicate the newly recognized constitutional right exception to the PCRA's one-year time bar provided in 42 Pa.C.S. § 9545(b)(1)(iii). Our Supreme Court has explained:

> First, [the exception] provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania,] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Spotz*, 171 A.3d 675, 679 (Pa. 2017) (citation omitted).

This Court has observed that "[n]othing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023). Moreover, the *Bradley* Court itself clarified that that "an approach favoring the consideration of ineffectiveness claims of PCRA counsel . . . does not sanction extra-statutory serial petitions." *Bradley*, 261 A.3d at 403. Additionally, the Court explained that the discovery of prior counsel's

ineffectiveness would not constitute a "new fact" for purposes of the timeliness exception at 42 Pa.C.S. § 9545(b)(1)(ii). *Id.* at 403 n.18.

Although this Court has not addressed the applicability of *Bradley* as to the newly recognized constitutional right exception in a published decision, several unpublished decisions have rejected the argument. We have stated:

> *Bradley* . . . did not announce a new constitutional right, much less one applicable retroactively. *See, e.g.*, *Commonwealth v. Johnson*, 2023 WL 2379233 (Pa. Super. 2023) (unpublished memorandum) (noting "although *Bradley* did not specifically address the timeliness exception upon which appellant relies, it is clear *Bradley* did not recognize a new constitutional right, *id.* at *4); *Commonwealth v. Dixon*, 2022 WL 17973240 (Pa. Super. 2022) (unpublished memorandum) (holding *Bradley* does not trigger the timeliness exception of Section 9545(b)(1)(iii)); *Commonwealth v. Parkinson*, 2022 WL 5237927 (Pa. Super. 2022) (holding "*Bradley* did not create a new, non-statutory exception to the PCRA time bar," *id.* at *3).

*Commonwealth v. Ruiz-Figueroa*, No. 1531 EDA 2022 (Pa. Super. filed June 22, 2023) (unpublished memorandum at *2) [5]

As the above case law illustrates, Appellant's attempt to challenge the effective assistance of his 1999 PCRA counsel based on the holding in *Bradley* does not meet the PCRA's timeliness requirements. Accordingly, this Court, like the PCRA court, lacks jurisdiction to consider the merits of Appellant's issues. Accordingly, we affirm the dismissal of Appellant's seventh PCRA petition.

---

[5] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/29/2023