J-S16042-24

2024 PA Super 125

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                             :            PENNSYLVANIA
                                                             :

                       v.                                                    :

EFRAIN MIRANDA III                         :

               Appellant              :     No. 2558 EDA 2023

Appeal from the PCRA Order Entered September 21, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0004828-2016

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                             **FILED JUNE 11, 2024**

Appellant, Efrain Miranda III, appeals from the order entered by the Court of Common Pleas of Lehigh County dismissing what serves as his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Herein, Appellant presents an argument for reversal and remand for the appointment of new PCRA counsel with which the Commonwealth agrees is appropriate.  For the following reasons, we vacate and remand.

This Court previously has set forth the pertinent facts and procedural history, as follows:

> While already serving a prison sentence on a prior conviction, Miranda concocted a scheme whereby he directed certain individuals to burglarize a judge's house in an effort to reduce his sentence by providing information to the authorities

---

[*] Former Justice specially assigned to the Superior Court.

about those individuals who intended to burglarize the judge's residence. On the evening of July 21, 2016, after having gone to bed, Judge Robert Steinberg and his wife heard a knock at their door. N.T., 6/6/17, at 12. When Judge Steinberg went to answer the door, individuals stated that their car was broken down and they wanted to come in to use the phone. *Id.* Judge Steinberg refused to allow the individuals entry into the house and he called the police. *Id.* The individuals left before the police arrived. *Id.* at 12-13. The police were able to obtain fingerprints from the rear door of the residence and they set up a series of surveillance cameras around the property. *Id.* at 13.

One week later, on July 28, 2016, after the Steinbergs had gone to bed, they heard a large bang on their rear door. *Id.* Judge Steinberg got out of bed and saw individuals running from the property. *Id.* at 13-14. He called the police. *Id.* When the police arrived, they discovered that the rear door of the house had been opened and there was a large amount of black duct tape affixed to the glass rear door. *Id.* at 14. A review of the security surveillance cameras that were placed around the property revealed that at approximately 20 minutes after midnight, a male with a mask on approached the rear door of the Steinberg residence, opened the screen door, and removed a roll of black duct date from his pants. *Id.* A second male then appeared in the video with a handgun. *Id.* at 14-15. The male used the handgun to strike the door twice but the door didn't break. *Id.* at 15. The individuals then ran away from the property. *Id.*

Prior to the two incidents at the Steinberg residence, Miranda had written numerous letters to the Lehigh County District Attorney's Office claiming that he was aware of plans to have Judge Steinberg harmed. *Id.* at 9-11. Through its investigation, the Commonwealth eventually discovered that Miranda had approached fellow inmates about burglarizing Judge Steinberg's house. *Id.* at 19-20. However, Miranda did not tell the other inmates that the location of the burglary was a judge's house. Rather, he indicated that the house belonged to a drug dealer who possessed cash, guns, and drugs. *Id.* at 20-21, 23. Miranda later admitted to providing fellow inmates with Judge Steinberg's address and directed them to burglarize the home. *Id.* at 21. He also admitted that he knew that the residence was a judge's house but he told the inmates that it was a drug dealer's house. *Id.* Miranda did this in the hopes of receiving a reduction

in his sentence by providing information to the authorities regarding the burglary at Judge Steinberg's house. *Id.* at 22-25.

On June 6, 2017, Miranda pled guilty to conspiracy to commit burglary. He received a sentence of to eight and a half to 20 years' imprisonment, to run consecutively to a sentence he was already serving. Miranda initially filed an untimely appeal, which this Court quashed. After the trial court reinstated his post-sentence motion and direct-appeal rights, Miranda filed a motion to reconsider and modify sentence, which was granted in part and denied in part. Specifically, the trial court granted Miranda's request to impose a Risk Recidivism Reduction Incentive ("RRRI") minimum sentence of 85 months but denied Miranda's request to modify the underlying sentence.

*Commonwealth v. Miranda*, 227 A.3d 441 at *1–2 (Pa. Super. filed Feb. 26, 2020) (nonprecedential decision).

In Appellant's counseled direct appeal, he alleged his sentence was excessive. This Court, however, affirmed judgment of sentence. *Id*. Appellant filed no petition for allowance of appeal, and his judgment of sentence became final on March 27, 2020. *See* Pa.R.A.P. 1113(a).

On March 5, 2021, Appellant filed a PCRA petition asserting his innocence through a claim that another person wrote to him taking responsibility for plotting the burglary. On June 30, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss without a hearing what it deemed Appellant's insufficiently pled and untimely "second" PCRA petition. Appellant responded that his petition was a timely first PCRA petition and requested that the court appoint counsel to assist him, but the PCRA court dismissed the PCRA petition as untimely.

In **Commonwealth v. Miranda**, 289 A.3d 81, at *2 (Pa. Super. filed Nov. 18, 2022) (nonprecedential memorandum), we clarified that for purposes of PCRA timeliness Appellant's March 5, 2021, PCRA petition was his first, because he had won reinstatement of his direct appeal rights through his previous PCRA petition of May 5, 2018. Accordingly, we vacated the June 30, 2021, PCRA court order dismissing Appellant's March 5, 2021, first PCRA petition and remanded for the appointment of counsel, who was to file either an amended PCRA petition or submit a "no-merit" letter that complies with the requirements set forth in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We further directed, "the PCRA court shall then review counsel's submission, provide the Commonwealth with the opportunity to file an answer, and decide whether an evidentiary hearing is warranted." **Id**.

Post-remand, on November 29, 2022, the PCRA court appointed counsel to represent Appellant in his PCRA petition. On January 17, 2023, appointed counsel filed a **Turner/Finley** "no-merit" letter and motion to withdraw alleging a lack of legal merit to Appellant's PCRA petition and theories considered after a review of the record and subsequent attorney-client communications. On the same date, Appellant filed a *pro se* "Motion for Change of Appointed Counsel" in which he cited an "irreconcilable conflict" between counsel and him. Subsequently, on January 26, 2023, while he was still represented by counsel, Appellant filed a *pro se* motion seeking permission to file an Amended PCRA petition in thirty days. Finally, on February 3, 2023,

Appellant filed a *pro se* motion to contest appointed counsel's "no-merit" letter.

The next filings of record occurred on March 6, 2023, when the PCRA court granted appointed counsel's motion to withdraw, denied Appellant's motion for a change of appointed counsel, and granted Appellant thirty days to file an amended first PCRA petition. Upon receiving Appellant's *pro se* amended PCRA petition on May 9, 2023, the PCRA court entered a scheduling order granting Appellant a hearing on his amended PCRA petition. On July 31, 2023, a hearing was held at which Appellant was neither appointed counsel nor colloquied about proceeding *pro se*. On September 21, 2023, the PCRA court denied Appellant's amended first petition for PCRA relief. This timely *pro se* appeal followed.

In his Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal and in his corresponding *pro se* brief, Appellant contends, *inter alia*, that the PCRA court erred by terminating his right to counsel without conducting a colloquy and making an on-the-record determination that he knowingly sought to self-represent. On this point, the Commonwealth agrees that the PCRA court erred by granting counsel's motion to withdraw while concurrently granting Appellant's request to amend his first PCRA petition and awarding a hearing on it. The procedures of Pa.R.Crim.P. 907 under the present circumstances, the Commonwealth maintains, required the PCRA court to give Appellant notice of its intention to grant counsel's motion to withdraw and deny the petition without a hearing. We agree.

- 5 -

We address the propriety of the PCRA court's denial order as follows:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (cleaned up).

As stated previously, the underlying PCRA petition is Appellant's first petition. "A convicted defendant has a right under the Rules of Criminal Procedure to the assistance of counsel on a first PCRA petition." *Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019) (citations omitted). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." *Id.* (citations omitted).

Moreover:

> [i]f PCRA counsel seeks to withdraw on the ground that the issues raised by the PCRA petitioner are without merit, he must satisfy the following requirements: he must file a sufficient no-merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA petitioner of his right to proceed *pro se* or with a privately retained attorney. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they

- 6 -

lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.

*Id.* (citations omitted).

By stating its intent to grant appointed counsel's motion to withdraw, the PCRA court indicated its agreement with counsel's assessment that Appellant's PCRA petition was meritless and that no meritorious issue was apparent after a conscientious review of the record. Nevertheless, instead of choosing to dismiss the matter without a hearing pursuant to Rule 907 procedures intended for such a determination,[1] the PCRA court elected to schedule a hearing to review additional claims newly raised in a self-styled amended first PCRA petition that Appellant filed *pro se* and while still represented by counsel.

> The purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The

---

[1] Pursuant to Rule 907(1):

The judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

Pa.R.Crim.P. 907(1).

response to the Rule 907 notice is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment.

***Commonwealth v. Smith***, 121 A.3d 1049, 1054 (Pa. Super. 2015) (citations and quotation marks omitted). "This does not mean that a defendant may raise entirely new claims that he could have presented prior to his response to the notice of intent to dismiss." ***Commonwealth v. Rykard***, 55 A.3d 1177, 1189 n.8 (Pa. Super. 2012). Rather, "the response is not itself a petition[,] and the law still requires leave of court to submit an amended petition." ***Id.*** at 1189 (citing Pa.R.Crim.P. 905(A)).

The Rules of Criminal Procedure contemplate that amendments to pending PCRA petitions are to be "freely allowed to achieve substantial justice," Pa.R.Crim.P. 905(A), but Rule 905 amendments are not "self-authorizing" such that a petitioner may simply "amend" a pending petition with a supplemental pleading. Rather, the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court.

***Commonwealth v. Mason***, 130 A.3d 601, 621 n.19 (Pa. 2015) (some citations and quotation marks omitted).

***Commonwealth v. Latorre***, 309 A.3d 1034 (Pa. Super. filed Nov. 8, 2023) (non-precedential decision).

Though the PCRA court had the authority to grant leave of court under the rubric described *supra*, its decision to allow appointed counsel to withdraw based on its determination that the petition and a record were devoid of genuine issues of material fact while, at the same time, accepting Appellant's noncompliant *pro se* amended petition and scheduling it for a hearing, resulted in an order comprising irreconcilable directives. Most notably, it called for a

hearing on an amended first PCRA petition but left Appellant without counsel to present it.

The Commonwealth concedes error occurred when, instead of issuing Rule 907 notice of its intent to dismiss without a hearing what it deemed a meritless PCRA petition, "the [PCRA] court scheduled a hearing. [Appellant] was neither represented by counsel at this hearing, nor was he colloquied regarding his wish to proceed *pro se*, as required. ***See***, ***e.g.***, ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988). ***See also*** Pa.R.Crim.P. 904(c) and 908(c). Accordingly, the Commonwealth does not oppose a remand for counsel to be appointed to either file a no-merit letter in compliance with the requirements set forth in ***Finley*** or an amended PCRA petition." Brief of Appellee, at 7-8.

Under the circumstances, we agree with the Commonwealth that remand is required. Accordingly, we vacate the order entered below and remand for the appointment of new PCRA counsel, who shall prepare either a counseled amended PCRA petition or a no-merit letter in compliance with ***Finley***.

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>6/11/2024</u>