**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HARRY BABINGER II | : | |
| | : | |
| Appellant | : | No. 1458 WDA 2024 |

Appeal from the Order Entered July 29, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007140-2015

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED: November 4, 2025**

Appellant, Harry Babinger II, appeals *pro se* from the order of the Court of Common Pleas of Allegheny County that dismissed, without a hearing, his untimely sixth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq*.  We affirm.

On February 10-11, 2016, Appellant stood for trial for various crimes stemming from the sexual abuse of his then five-year-old daughter.  **See** Bills of Information, 6/10/15; Affidavit of Probable Cause, 6/3/15.  The following day, the court declared a mistrial after a jury failed to reach a verdict.  **See** N.T. Trial, 2/11/16, 148-150.  On April 11-12, 2016, Appellant was again brought to trial and a jury found him guilty of involuntary deviate sexual intercourse with a child (IDSI), unlawful contact with a minor, sexual assault,

_____

[*] Retired Senior Judge assigned to the Superior Court.

incest of a minor, indecent assault of a person less than thirteen years of age, and endangering the welfare of children (EWOC).[1]  *See* N.T. Trial, 4/12/16, 207-08.  On June 27, 2016, the trial court sentenced Appellant to an aggregate term of twenty-three to forty-six years' imprisonment, to be followed by seven years' probation.  *See* Order (sentencing), 6/27/16, 1-2; N.T. Sentencing Hearing, 6/27/16, 17-18.  After the June 30, 2016 denial of his post-sentence motion for modification of sentence, Appellant timely appealed.  *See* Notice of Appeal, 7/29/16; Order (post-sentence motion denial), 6/30/16; Post-Sentence Motion, 6/29/16.  Following a hearing on November 7, 2016, the trial court found Appellant to be a sexually violent predator (SVP).  *See* Order (SVP determination), 11/8/16, 1.

On direct review, we denied relief on a challenge to the discretionary aspects of Appellant's sentence, but *sua sponte* vacated the trial court's SVP order.  *See Commonwealth v. Babinger*, 2018 WL 481894, *1-4 (Pa. Super., filed Jan. 19, 2018) (unpublished memorandum).  We affirmed the judgment of sentence in all other respects and remanded so the trial court could issue appropriate notice to Appellant under 42 Pa.C.S. § 9799.23, with respect to his sexual offender registration requirements.  *See id.* at *4; *Commonwealth v. Babinger*, 183 A.3d 1074 (Pa. Super. 2018) (table) (1011 WDA 2016).  Appellant did not pursue further review with our Supreme Court.

---

[1] 18 Pa.C.S. §§ 3123(b), 6318(a)(1), 3124.1, 4302(b)(1), 3126(a)(7), and 4304(a)(1), respectively.

On May 21, 2018, Appellant timely filed a *pro se* first PCRA petition, and the PCRA court appointed counsel. **See** *Pro Se* First PCRA Petition, 5/21/18, 1-13. Appointed counsel thereafter filed a **Turner**/**Finley**[2] "no merit letter" and a petition to withdraw as counsel on September 21, 2018. **See** **Turner**/**Finley** Letter, 9/21/18, 1-35; Motion for Leave to Withdraw, 9/21/18, 1-2. On the same date, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. **See** Rule 907 Notice, 9/21/18, 1; Pa.R.Crim.P. 907. On October 30, 2018, the PCRA court dismissed the petition and granted counsel leave to withdraw from representation of Appellant without ruling on an intervening request from Appellant seeking an extension of time for responding to the court's Rule 907 notice. **See** Order (first PCRA petition dismissal and counsel withdrawal), 10/30/18, 1. Appellant did not file any subsequent collateral appeal. Instead, he filed a November 20, 2018 motion seeking a stay of the PCRA court's dismissal order and a February 19, 2019 motion seeking reinstatement of his rights to appeal from the dismissal of his first PCRA petition. **See** *Pro Se* Motion to Stay Dismissal, 11/20/18; *Pro Se* Petition for Restoration of Appellate Rights, 2/12/19. The PCRA court did not respond to either motion.

On August 5, 2019, Appellant filed a *pro se* second PCRA petition. **See** *Pro Se* Second PCRA Petition, 8/5/19, 1-10. The PCRA court again appointed

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

him counsel. *See* Praecipe for Appearance, 8/22/19, 1. Appointed counsel filed a *Turner/Finley* "no merit letter" and a petition to withdraw as counsel on October 18, 2019. *See Turner*/*Finley* Letter, 10/18/19, 1-5; Motion for Leave to Withdraw, 10/18/19, 1-3. The PCRA court issued a Rule 907 dismissal notice on October 28, 2019, and dismissed the petition without a hearing and granted counsel's withdrawal request on November 26, 2019. *See* Rule 907 Notice, 10/29/19, 1; Order (second PCRA petition dismissal and counsel withdrawal), 11/26/19, 1. After Appellant timely appealed, we affirmed the dismissal order on July 24, 2020, finding that the petition was untimely filed and Appellant failed to state grounds for any exception under the PCRA's jurisdictional time-bar provision that would permit us to conduct substantive review. *See Commonwealth v. Babinger*, 2020 WL 4252674, *3 (Pa. Super., filed July 24, 2020) (unpublished memorandum); *see also Commonwealth v. Babinger*, 239 A.3d 101 (Pa. Super. 2020) (table) (1881 WDA 2019). On May 20, 2021, our Supreme Court denied Appellant's subsequent petition for allowance of appeal. *See Commonwealth v. Babinger*, 253 A.3d 214 (Pa. 2021) (table) (343 WAL 2020).

On September 24, 2021, Appellant filed a *pro se* third PCRA petition that he styled as a "Motion to Dismiss." *See Pro Se* Third PCRA Petition, 9/24/21, 1-2. The PCRA court issued a Rule 907 notice on September 28, 2021, and dismissed the petition as untimely on November 3, 2021. *See* Rule 907 Notice, 9/28/21, 1; Order (third PCRA petition dismissal), 11/3/21, 1. Appellant's subsequent appeal was dismissed for failure to file a docketing

statement.  *See* Superior Court Order, 3/2/22, 1 (1475 WDA 2021); Pa.R.A.P. 3517.

On June 7, 2022, Appellant filed a *pro se* fourth PCRA petition.  *See Pro Se* Fourth PCRA Petition, 6/7/22, 1-10.  The PCRA court issued a Rule 907 dismissal notice on June 30, 2022.  *See* Rule 907 Notice, 6/30/22, 1.  After Appellant filed a *pro se* response to the dismissal notice, the PCRA court dismissed the petition as untimely on August 16, 2022.  *See Pro Se* Response to Rule 907 Notice, 8/3/22, 1-3; Order (fourth PCRA petition dismissal), 8/16/22, 1.  On June 15, 2023, we affirmed the dismissal of the fourth PCRA petition.  *See **Commonwealth v. Babinger***, 301 A.3d 908 (Pa. Super. 2023) (table) (1080 WDA 2022).  Appellant did not seek further review with our Supreme Court.

On February 12, 2024, Appellant filed a *pro se* fifth PCRA petition that he styled as a "Petition for Leave to File a Petition for Allowance of Appeal *Nunc Pro Tunc.*"  *See Pro Se* Fifth PCRA Petition, 2/12/24, 1.  Therein, he requested the reinstatement of his rights to appeal *nunc pro tunc* from the dismissal of his first PCRA petition on the basis that he supposedly never received a 2018 copy of his former counsel's ***Turner***/***Finley*** letter.  *See id.* He alleged that his non-receipt of the ***Turner***/***Finley*** letter prevented him from "filing or even forming an intelligent appeal" from the dismissal of his first PCRA petition and, as a result, violated his rights to due process and "to be free from double jeopardy."  *Pro Se* Fifth PCRA Petition, 2/12/24, 1.  He additionally requested the recusal of the judge who had previously presided

- 5 -

as the PCRA court in this matter. *See id.* The PCRA court issued a Rule 907 notice on February 14, 2024. *See* Rule 907 Notice, 2/14/24, 1. Appellant filed a *pro se* response, alleging that he was unable to timely present a double jeopardy claim due to ineffective assistance of counsel. *See Pro Se* Response to Rule 907 Notice, 3/8/24, 1. On March 13, 2024, the PCRA court dismissed the petition as "untimely without exception," alluding to the statutory exceptions to the PCRA's jurisdictional time-bar provision. *See* Order (fifth PCRA petition dismissal), 3/13/24, 1. Appellant did not file an appeal from the dismissal.

On July 17, 2024, Appellant filed a *pro se* sixth PCRA petition, the instant petition underlying this appeal, that he titled as a "Petition for Leave to File Notice of Appeal *Nunc Pro Tunc*." *Pro Se* Sixth PCRA Petition, 7/17/24, 1-2. He alleged that he filed a notice of appeal with respect to the dismissal of his fifth PCRA petition by leaving it with prison officials for mailing on April 2, 2024, but that he "received no further communication" from the PCRA court and was later "notified that no transmission of appeal had occurred." *Id.* at ¶¶ 1-2. Based on these assertions, he requested the reinstatement of appellate rights with respect to the dismissal of the fifth PCRA petition. *Id.* at ¶ 4. On July 29, 2024, the PCRA court dismissed the petition. *See* Order (sixth PCRA petition dismissal), 7/29/24, 1. Appellant timely appealed. *See* Notice of Appeal, 8/25/24, 1. Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925 for purposes of the instant

appeal. **See** Order (Rule 1925(b)), 9/21/24, 1-2; Rule 1925(b) Statement, 10/21/24, 1-2; PCRA Court Opinion, 11/19/24, 1-6.

Appellant presents the following questions for our review:

I. Whether the PCRA court abused its discretion in denying a [Pa.]R.Crim.P. 587(b) hearing to determine whether the court arrived at a mistrial with the required [m]anifest [n]ecessity[?]

II. Whether the PCRA court abused its discretion by failing to grant a *nunc pro tunc* appeal to the initial PCRA petition[?]

Appellant's Brief, unnumbered initial page (unpaginated).

On appeal from the dismissal of his untimely sixth PCRA petition, Appellant attempts to raise a double jeopardy claim that he asserted in three of his former PCRA petitions and that his former counsel had substantively addressed in a **Turner**/**Finley** "no-merit" letter. **See** Appellant's Brief, 4-6; *Pro Se* Fourth PCRA Petition, 6/7/22, § 6(A); *Pro Se* Third PCRA Petition, 9/24/21, ¶ 8; **Turner**/**Finley** Letter, 10/18/19, 5; *Pro Se* First PCRA Petition, 3/21/18, § 7(C). He also asserts that a breakdown in court process prevented him from appealing the dismissal of his first PCRA petition, entitling him to his reinstatement of his former collateral appeal rights; this Court rejected that claim in response to his appeal from the dismissal of his second PCRA petition. **See** Appellant's Brief, 4-5; **Babinger**, 2020 WL 4252674 at *3. He concludes his brief by asserting that the PCRA court exhibited partiality and committed abuses of discretion through its "repeated use of an address for mailing not intended for the court or any other governmental entity," and thereby

deprived him of time to effectively respond to the court. Appellant's Brief at 6.

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." **Commonwealth v. Kelsey**, 206 A.3d 1135, 1139 (Pa. Super. 2019). Before we can review the issues raised on appeal, we must determine whether Appellant's petition satisfies our jurisdictional requirements. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) ("we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court"). "Our law is clear that the PCRA's time restrictions are jurisdictional in nature, and '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa. Super. 2020) (brackets in original), **quoting Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1). Here, the trial court sentenced Appellant on June 27, 2016. After this Court affirmed his judgment of sentence, in all other aspects other than an SVP determination, on January 19, 2018, Appellant did not seek further review with our Supreme Court. Thus, for purposes of the PCRA, his judgment of

sentence became final on February 19, 2018, when his thirty-day deadline for filing a petition for allowance of appeal with our Supreme Court expired.[3] *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking further review); Pa.R.A.P. 1113(a) (general rule setting thirty-day deadline for petitioning for allowance of appeal after entry of Superior Court order). Appellant thus had until February 19, 2019, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). He did not file his instant PCRA petition until July 17, 2024. Therefore, Appellant's sixth PCRA petition is patently untimely.

To obtain review of his untimely PCRA petition, Appellant was required to plead and prove the applicability of one of three statutory exceptions that are found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, pursuant to 42 Pa.C.S. § 9545(b)(2), he needed to plead and prove that he filed his petition within one year of the date any claims for application of the statutory time-bar exceptions "could have been presented."

In his sixth PCRA petition at issue, Appellant failed to acknowledge the timeliness of the petition or offer reference to any of the three statutory exceptions to the PCRA's time-bar provision. He does the same in his

---

[3] Because the thirty-day deadline for filing a petition for allowance of appeal fell on Sunday, February 18, 2019, Appellant would have had until Monday, February 19, 2019, to file the petition. *See* Pa.R.A.P. 107 (incorporating by reference the rules of construction in the Pennsylvania Rules of Judicial Administration including Pa.R.J.A. 107(a)-(b), relating to computation of time for rule of construction relating to exclusion of the first day and inclusion of the last date of time period and the omission of the last day of time period which falls on Sunday, Saturday, or a legal holiday).

appellate brief. However, the PCRA court was required to review his petition as a PCRA petition, subject to the jurisdictional time-bar under Section 9545, because the lone claim included in it – a request for the reinstatement of Appellant's appellate rights with respect to the dismissal of his fifth PCRA petition – fell within the ambit of the PCRA. *See Commonwealth v. Eller*, 807 A.2d 838, 846 (Pa. 2002) (PCRA provides exclusive vehicle for obtaining collateral relief on claims which are cognizable under PCRA, including claims for *nunc pro tunc* reinstatement of appellate rights). In these circumstances, the PCRA court was required to dismiss Appellant's petition as untimely where he did not forward any time-bar exception in his petition. Appellant's appellate brief, which does not acknowledge the PCRA time-bar or the timeliness of his instant sixth PCRA petition, fails to demonstrate the necessary jurisdiction for the consideration of the claim he raised in the sixth PCRA petition or the entirely different claims included in his appellate brief. We thus affirm the dismissal at issue for lack of jurisdiction to reach the merits in this appeal.[4]

Order affirmed.

---

[4] The PCRA court, in its dismissal order and opinion, addresses the denial of the substantive claim that Appellant failed to demonstrate an entitlement to a reinstatement of appellate rights based on a breakdown in the administrative process. *See* Order, 7/29/24, 1; PCRA Court Opinion, 11/19/24, 4-5. The consideration of that claim has no bearing on our review as "it is a well-settled doctrine in this Court that a trial court can be affirmed on any valid basis appearing of record." *In re T.P.*, 78 A.3d 1166, 1170 (Pa. Super. 2013).

- 10 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/4/2025